The STATE of Ohio, Appellee,

v.

McINTIRE, Appellant.

[Cite as *State v. McIntire* (1998), 130 Ohio App.3d 463.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 97CA006946.

Decided Dec. 16, 1998.

*Gregory A. White,* Lorain County Prosecuting Attorney, and *Jonathan E. Rosenbaum,* Chief Counsel, Criminal Division, for appellee.

*Robert Cabrera,* for appellant.

REECE, Judge.

Appellant-defendant Michael McIntire appeals an order declaring him to be a sexual predator pursuant to R.C. 2950.09(C). We reverse.

I

As a youth McIntire was adjudicated delinquent by the Juvenile Division of the Hamilton County Court of Common Pleas for committing an act that would have constituted a sexual offense if McIntire had been an adult. As a result, McIntire was committed to the custody of the Department of Youth Services. In 1996, while McIntire was in custody in Stark County and after he had turned eighteen years of age, McIntire was convicted of two counts of assault by the Stark County Court of Common Pleas for assaulting a corrections officer.

McIntire was scheduled to be released from prison on the assault convictions on October 9, 1997. However, on October 8, 1997, the prosecution filed a petition in the Lorain County Court of Common Pleas requesting that McIntire be declared a sexual predator pursuant to R.C. 2950.01(G)(3) based upon the Hamilton County delinquency adjudication. A hearing was held the next day

before the Lorain County Court of Common Pleas and McIntire was declared a sexual predator. McIntire timely appealed.

## II

The prosecution claims that the sexual-predator designation is authorized by R.C. 2950.01(G)(3), which states that an offender is a sexual predator if the following applies:

"Prior to the effective date of this section, the offender was convicted of or pleaded guilty to, and was sentenced for, a sexually oriented offense, the offender is imprisoned in a state correctional institution on or after the effective date of this section, and, prior to the offender's release from imprisonment, the court determines *pursuant to division (C) of section 2950.09 of the Revised Code* that the offender is a sexual predator." (Emphasis added.)

R.C. 2950.09(C)(1) states:

"[P]rior to the offender's release from the term of imprisonment, the department of rehabilitation and correction shall determine whether to recommend that the offender be adjudicated as being a sexual predator. * * * If the department determines that it will recommend that the offender be adjudicated as being a sexual predator, *it immediately shall send the recommendation to the court that sentenced the offender * * *.*" (Emphasis added.)

Even a perfunctory reading of R.C. 2950.09(C) reveals that the Lorain County Court of Common Pleas did not have jurisdiction to proceed in this case. R.C. 2950.09(C)(1) specifically states that the sexual predator recommendation "shall" be sent to "the court that sentenced the offender." This language is clear and the intent of the legislature on this point cannot reasonably be doubted. Although it would have been easier to draft a general statute allowing any court in Ohio to proceed on a sexual-predator recommendation, the legislature took the extra step of specifically designating "the court that sentenced the offender" as the court to determine sexual-predator status. Thus, the court that sentenced the offender is the only court with jurisdiction to proceed under R.C. 2950.09(C). See *State v. Yoakam* (Sept. 24, 1997), Union App. No. 14–97–09, unreported, 1997 WL 593779.

In this case, the Lorain County Court of Common Pleas has never sentenced McIntire for anything. The juvenile adjudication occurred in Hamilton County and the assault convictions occurred in Stark County. Nevertheless, the prosecution argues that the Lorain County Court of Common Pleas should be permitted to proceed in this case because McIntire, "the most sadistic and most likely to re-offend sexual offender that this court will ever see," has chosen to reside in Lorain County. However, regardless of the exigencies of this particular case, we

decline the prosecution's invitation to rewrite the statute to confer jurisdiction upon "the court of common pleas in the county where the released sexual offender chooses to reside." The legislature could have easily done this if it had so desired. Thus, the Lorain County Court of Common Pleas did not have jurisdiction to proceed in this case under R.C. 2950.09(C).

*Judgment reversed.*

SLABY, P.J., and BAIRD, J., concur.