OPINION
On May 13, 1994, defendant-appellant, Quan R. Jackson, pleaded guilty to one count of gross sexual imposition in violation of R.C. 2907.05 in the Franklin County Court of Common Pleas, and was sentenced to five years of imprisonment. Six months later, defendant entered a guilty plea to one count of attempted rape in violation of R.C. 2907.05 in the Summit County Court of Common Pleas, and was sentenced to six to fifteen years of imprisonment to be served concurrently with the Franklin County time.
Defendant appeals a finding made by the Franklin County court that classifies him as a sexual predator, as that term is defined in R.C. 2950.01(E). That section provides that a sexual predator is "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses."
In this case there were two courts that sentenced defendant for sexually oriented offenses, the Franklin County and Summit County Courts of Common Pleas. The Ohio Department of Rehabilitation and Corrections notified both courts that it intended to seek a determination as to whether defendant should be classified as a sexual predator. Franklin County set a hearing date, but then declined to hear the matter on the basis that defendant had already served the Franklin County sentence. The state filed a motion for reconsideration, citing this court's holding in State v. Johnson (Sept. 24, 1998), Franklin App. No. 97APA12-1585, unreported. The Franklin County court, thereafter, took jurisdiction. At the sexual predator hearing that was subsequently set, defendant moved to have the matter dismissed for lack of jurisdiction. That motion was denied and the matter proceeded before the Franklin County court.
Defendant raises a single assignment of error:
 THE TRIAL COURT HAD NO STATUTORY AUTHORITY OR JURISDICTION TO CONDUCT THE SEXUAL PREDATOR HEARING AND ERRED WHEN IT OVERRULED THE DEFENDANT'S MOTION TO DISMISS THE PROCEEDINGS.
This court recently held, in State v. Pryor (July 27, 2000), Franklin App. No. 99AP-1218, unreported, that R.C.2950.09(C)(1) confers jurisdiction on both the Franklin County and Hamilton County Courts of Common Pleas, as both courts had sentenced the defendant for sexually oriented offenses.
Further, this court has previously decided that the "imprisonment" to which the statute refers need not be for a sexual oriented offense. Johnson, supra. The statute's language is broad and does not limit its application to only those sexual offenders who are still incarcerated for sexually oriented offenses. State v. Martin (Apr. 25, 2000), Franklin App. No. 99AP-929, unreported.
When two or more courts can properly take jurisdiction, pursuant to R.C. 2950.09(C)(1), the department can forward its recommendation to either of the courts. R.C. 2950.09(C) reads:
 If a person was convicted of or pleaded guilty to a sexually oriented offense prior to January 1, 1997, if the person was not sentenced for the offense on or after January 1, 1997, and if, on or after January 1, 1997, the offender is serving a term of imprisonment in a state correction institution, prior to the offender's release from the term of imprisonment, the department of rehabilitation and correction shall determine whether to recommend that the offender be adjudicated as being a sexual predator. In making a determination under this division as to whether to recommend that the offender be adjudicated as being a sexual predator, the department shall consider all relevant factors, including but not limited to, all of the factors specified in division (B)(2) of this section. If the department determines that it will recommend that the offender be adjudicated as being a sexual predator, it immediately shall send the recommendation to the court that sentenced the offender and shall enter its determination and recommendation in the offender's institutional record, and the court shall proceed in accordance with division (C)(2) of this section. [Emphasis added.]
Here, the department asked both courts to take jurisdiction. The record is silent as to what Summit County did with the recommendation; however, the Franklin County court did eventually take jurisdiction. While we have held that the sexual predator hearing could be held by either court, Pryor supra, it cannot be held simultaneously by both courts. Nevertheless, this court does not reach the issue of whether they could be heard seriatim.
When courts have concurrent jurisdiction, it is discretionary with the court as to whether it will exercise jurisdiction. The court, in making such a determination, should consider which court would have better information. For instance, was a plea entered? Was there a victim's statement available? Was there a trial so that a trial transcript is available? Which offense was the more egregious? Which was later in time? Where is the bulk of the state's information concerning the defendant located? Are there witnesses to be called that are closer to one court than another? These and other factors may be considered by the trial court in deciding whether to exercise jurisdiction over the hearing.
Defendant relies on State v. McIntire (1998), 130 Ohio App.3d 463, in support of his proposition that jurisdiction is restricted to the court in which defendant is serving a sentence for a sexually oriented offense. The facts of McIntire are distinguishable and, hence, its reasoning is not applicable here. Further, defendant relies on State v. Yoakam (Sept. 24, 1997), Union App. No. 14-97-09, unreported. This court recently rejected the reasoning of Yoakam in Pryor, supra.
Defendant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
DESHLER and KENNEDY, JJ., concur.
GEORGE, J., retired, of the Ninth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.