OPINION
Defendant-appellant, Michael Baird, appeals the decision of the Clermont County Court of Common Pleas adjudicating him a habitual sexual offender. We affirm the decision.
On September 8, 1989, appellant was convicted, under former R.C. 2907.02, before Judge Nurre in the Hamilton County Court of Common Pleas ("Hamilton Court"). Appellant was convicted for a rape of his thirteen-year-old sister-in-law that occurred in Hamilton County. On September 19, 1989, appellant was convicted, under former R.C. 2907.02, before Judge Ringland in the Clermont County Court of Common Pleas ("Clermont Court") of another rape of his sister-in-law. That rape occurred in Clermont County.
Judge Nurre received a recommendation from the Ohio Department of Rehabilitation and Correction ("DRC") stating that appellant should be classified as a sexual predator. On June 2, 2000, Judge Nurre convened a hearing pursuant to R.C. 2950.09(C)(2)(a) to determine whether appellant should be classified as a sexual predator. At the conclusion of the hearing, the Hamilton Court determined appellant was not a sexual predator, but made no determination as to whether appellant was a habitual sex offender.
Judge Ringland also received a DRC recommendation that appellant should be classified as a sexual predator. When the Clermont Court convened a hearing, appellant objected in writing, claiming that Judge Nurre's previous judgment had a binding effect on Judge Ringland's attempt to classify him as a habitual sex offender under R.C. 2950.09. Judge Ringland proceeded with the hearing over appellant's objection. The Clermont Court declined to classify appellant as a sexual predator. The Clermont Court did, however, classify appellant as a habitual sex offender on March 9, 2001.
Appellant appeals the decision classifying him as a habitual sexual offender raising two assignments of error:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN HOLDING AN R.C. 2950.09 CLASSIFICATION HEARING AND CLASSIFYING MR. BAIRD AS A HABITUAL SEXUAL OFFENDER.
Appellant presents two arguments under this assignment of error. Appellant first argues that a trial court "errs as a matter of law in scheduling and holding a classification hearing on an issue that had already been before a court but waived by the state." Appellant also argues a trial court "errs as a matter of law in scheduling and holding a classification hearing on an issue that had already been litigated between the parties in another court and is therefore barred under the doctrine of res judicata."
A trial court's determination on sexual offender status shall be reviewed based on an abuse of discretion standard. See State v. Goney
(Oct. 23, 1998), Montgomery App. No. 16990, unreported. An abuse of discretion amounts to more than a mere error of law or judgment, rather it occurs when the court demonstrates an attitude which is unreasonable, arbitrary or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151,157.
Appellant contends that the issue of whether he was a habitual sexual offender or a sexually oriented offender was before the Hamilton Court when it was deciding whether appellant was a sexual predator. Appellant maintains that "because the court did not take the opportunity to adjudicate [him] a habitual sexual offender when it was required to make that determination, the court system waived the right to make that determination later."
During the classification hearing, the Hamilton Court asked appellant's counsel, "[w]ould you agree that based on whatever is heard by the Court, the Court can make a ruling finding [appellant] to be a sexual predator, habitual sexual offender, * * * or sexually oriented offender or none of the above." Yet, in response to this question by the court, appellant's counsel stated: "No, I don't think the Court has any of those choices. I think the Court has one choice * * * either he is or is not a sexual predator. This Court cannot adjudicate him to be a habitual sexual offender."
Clearly, any error by the court in restricting its determination of appellant's status as a sexual offender to whether or not he is a sexual predator was invited or induced by appellant. Under the invited-error doctrine, "a party will not be permitted to take advantage of an error that he himself invited or induced the trial court to make." State exrel. Mason v. Griffin (2000), 90 Ohio St.3d 299, 303; State ex rel.Beaver v. Konth (1998), 83 Ohio St.3d 519, 521; State ex rel. Soukup v.Celebrezze (1998), 83 Ohio St.3d 549, 550.
Furthermore, the habitual sexual offender classification requires a "previous" conviction for a sexually oriented offense. R.C. 2950.01(B). The Hamilton County rape was appellant's first sexually oriented offense. Therefore, the sequence of convictions permitted only the Clermont Court to make the habitual sex offender classification. Consequently, appellant's first argument is without merit.
Appellant also argues a trial court "errs as a matter of law in scheduling and holding a classification hearing on an issue that had already been litigated between the parties in another court and is therefore barred under the doctrine of res judicata."
Where an individual is sentenced by two different courts for sexually oriented offenses committed by the offender in two different counties, R.C. 2950.09 lodges jurisdiction to hold the sexual offender hearing in any court that has sentenced the offender for a sexually oriented offense. State v. McIntire (1998), 130 Ohio App.3d 463, 465; State v.Pryor (July 27, 2000), Franklin App. No. 99AP-1218, unreported. Here, courts in both Hamilton County and Clermont County convicted appellant of a sexually oriented offense such that either court had jurisdiction to hold a hearing and adjudicate him as a sexual predator. Id.
The issue-preclusion branch of the res judicata doctrine operates to collaterally estop a party from drawing into question in a second action a point or fact which was actually and directly in issue in a former action, and was there passed upon and determined by a court of competent jurisdiction. See Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379;Norwood v. McDonald (1943), 142 Ohio St. 299, 306. However, the issue of determining appellant's status as a habitual sexual offender was never actually and directly in issue during the Hamilton Court classification hearing since appellant induced the court to ignore that issue. Therefore, the issue of appellant's status as a habitual sex offender was never passed upon and determined by the court. As a result, the issue is not within the issue-preclusion branch of the res judicata doctrine. There was no abuse of discretion for the Clermont Court to schedule and hold a hearing on the issue of appellant's classification as a habitual sexual offender since that issue was not barred by the res judicata
doctrine. Consequently, the first assignment of error is overruled.
Assignment of Error No. 2:
 R.C. 2950.09 MUST BE STRUCK DOWN FOR VIOLATING THE U.S. AND OHIO CONSTITUTIONS.
Appellant argues a statute that is enacted to allow the state to "categorize a defendant under a sexual classification and impose penalties as a result after the defendant committed the offenses and had been convicted violates the Ex Post Facto and Double Jeopardy Clauses."
State v. Cook (1998), 83 Ohio St.3d 404, holds that R.C. 2950.09 does not violate the Retroactivity Clause of the Ohio Constitution or the Ex Post Facto Clause of the United States Constitution. State v. Williams
(2000), 88 Ohio St.3d 513, holds that R.C. 2950.09 does not violate guarantees against double jeopardy. Based on the authority of Cook andWilliams, appellant's Ex Post Facto and double jeopardy arguments are without merit.
Appellant also argues a statute that allows the state to "circumvent the doctrine of res judicata unconstitutionally deprives defendants of due process and must be struck down." However, the Clermont Court was free to proceed with appellant's habitual sexual offender hearing not as a result of R.C. 2950.09 "circumventing the doctrine of res judicata," but as a result of appellant eliminating the issue of his status as a habitual sexual offender from the Hamilton classification hearing. Since the issue of appellant's status as a habitual sexual offender was never actually and directly in issue during the Hamilton classification hearing, it was never passed upon and determined by the court. Therefore, the issue is not within the issue-preclusion branch of theres judicata doctrine. Consequently, appellant was not deprived of due process and R.C. 2950.09 need not be struck down for circumventing the doctrine of res judicata. The second assignment of error is overruled.
Judgment affirmed.
WALSH, P.J., and VALEN, J., concur.