[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Nye v. Coates,* Slip Opinion No. 2016-Ohio-1559.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-1559

[THE STATE EX REL.] NYE, APPELLANT, *v.* COATES, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Nye v. Coates,* Slip Opinion No. 2016-Ohio-1559.]

*Procedendo—Writ seeking order compelling magistrate to issue decision in conformity with Crim.R. 19(D) denied for failure to name magistrate as respondent—Writ seeking order compelling issuance of final, appealable order denied—Requested order has already been issued.*

(No. 2015-0622—Submitted January 5, 2016—Decided April 19, 2016.)

APPEAL from the Court of Appeals for Summit County, No. 27276.

_____

**Per Curiam.**

{¶ 1} We dismiss this appeal from a court of appeals' judgment granting a writ of procedendo.  The court of appeals granted the request of relator-appellant, John R. Nye, for a writ of procedendo and ordered respondent-appellee, Judge Lisa L. Coates of the Stow Municipal Court, to execute a final, appealable order in his misdemeanor case.  Judge Coates did so.  Nye has an adequate remedy in the

ordinary course of the law in that he may raise any objection he has to the case in the appeal from Judge Coates's final, appealable order.

*Facts and procedural history*

{¶ 2} Nye was convicted of a violation of the city of Hudson's ordinance regarding animals running at large, a minor misdemeanor. Judge Coates, the trial court judge in Nye's case, entered various orders, including one on August 13, 2013, that adopted and approved the magistrate's decision. A second order, filed August 20, 2013, ordered Nye to pay the $50 fine and court costs recommended by the magistrate. There is no order in the record that sets forth a finding of guilt with the imposition of a sentence. Nevertheless, Nye filed an appeal pro se. On November 14, 2013, the appeals court magistrate issued an order questioning the jurisdiction of the court to hear the appeal for want of a final, appealable order and requiring the parties to respond. However, Nye's appeal was ultimately dismissed for failure to prosecute.

{¶ 3} Nye then filed this action in procedendo against Judge Coates in the court of appeals, asserting that he has a right to an entry of a final, appealable order in his case before Judge Coates. He also asserted a right to a magistrate's decision that complies with the form requirements of Crim.R. 19(D)(3)(a)(iii) and a right to findings of fact and conclusions of law from the magistrate. Nye requested a writ directing Judge Coates to issue a final, appealable order, but only after he is granted an extension of time to file objections to the magistrate's decision. Judge Coates contended that she had no obligation to enter any additional judgment in Nye's case.

{¶ 4} The court of appeals granted the writ against Judge Coates, finding that in a criminal matter, a trial court must separately enter judgment on all claims in conformity with Crim.R. 32(C), whether or not objections are filed, and may not just refer to the magistrate's decision. The court of appeals also held that there was no entry that complies with Crim.R. 32(C) and therefore no final, appealable order

2

in Nye's case. However, it did not rule on Nye's contention that the magistrate's decision did not comply with Crim.R. 19.

{¶ 5} In response to the court of appeals' order, Judge Coates filed a new order that complies with Crim.R. 32(C). Nye now appeals the magistrate issue to this court.

*Analysis*

{¶ 6} To be entitled to a writ of procedendo, Nye must show a clear legal right to require the court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas*, 72 Ohio St.3d 461, 462, 650 N.E.2d 899 (1995). A writ of procedendo is proper when a court has refused to enter judgment or has unnecessarily delayed proceeding to judgment. *State ex rel. Crandall, Pheils & Wisniewski v. DeCessna*, 73 Ohio St.3d 180, 184, 652 N.E.2d 742 (1995).

{¶ 7} Here, the court of appeals issued a writ of procedendo ordering Judge Coates to produce a final, appealable order in compliance with Crim.R. 32(C). Nye has no problem with that holding, but argues that the court of appeals should have also ordered the issuance of a magistrate's decision that complies with Crim.R. 19(D).

{¶ 8} For at least two reasons, Nye cannot receive the further relief he is seeking. First, he did not name the magistrate as a respondent in the procedendo action, but, rather, only Judge Coates. Therefore, no writ can issue against the magistrate.

{¶ 9} Second, as Judge Coates has now issued a final, appealable order, Nye may take up on appeal any argument he has with the magistrate's decision or any other aspect of the case.

{¶ 10} Nye therefore has an adequate remedy in the ordinary course of the law, precluding a writ. "An appeal is an adequate remedy in the ordinary course of

law that precludes an action for mandamus or procedendo." *State ex rel. Ward v. Reed*, 141 Ohio St.3d 50, 2014-Ohio-4512, 21 N.E.3d 303, ¶ 12, citing *State ex rel. Crabtree v. Franklin Cty. Bd. of Health*, 77 Ohio St.3d 247, 250, 673 N.E.2d 1281 (1997), and *State ex rel. Sevayega v. McMonagle*, 122 Ohio St.3d 54, 2009-Ohio-2367, 907 N.E.2d 1180, ¶ 1.

{¶ 11} Nye has received all the relief to which his petition entitles him. We dismiss the appeal as moot.

*Appeal dismissed.*

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

J. Randall Nye Law Practice and Joy M. Donham, for appellant.

Amber K. Zibritosky, City of Stow Law Director, for appellee.

_____