[Cite as *Entech, Ltd. v. Geauga Cty. Court of Common Pleas*, 2017-Ohio-503.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| ENTECH LTD., | : | **PER CURIAM OPINION** |
| Relator, | : | |
| | : | **CASE NO. 2016-G-0092** |
| - vs - | : | |
| THE GEAUGA COUNTY COURT OF COMMON PLEAS, et al., | : | |
| | : | |
| Respondents. | : | |
| | : | |

Original Action for Writ of Prohibition.

Judgment: Petition dismissed

*Jaredd J. Flynn*, Thrasher, Dinsmore, & Dolan, 100 Seventh Avenue, #150, Chardon, OH 44024 (For Relator).

*James R. Flaiz,* Geauga County Prosecutor, and *Katherine A. Jacob,* Assistant Prosecutor, Courthouse Annex, 231 Main Street, Suite 3A, Chardon, OH 44024 (For Respondents, the Geauga County Court of Common Pleas and The Honorable David L. Fuhry).

*Joseph G. Stafford,* Stafford Law Co., L.P.A., 55 Erieview Plaza, 5th Floor, Cleveland, OH 44115 (For Marcia Speece).

PER CURIAM

{¶1} Before this court is relator, EnTech Ltd.'s, Petition for Writ of Prohibition. Respondents, the Geauga County Court of Common Pleas and Judge David L. Fuhry, have filed a Motion to Dismiss, pursuant to Civ.R. 12(B)(6), claiming that EnTech has

failed to demonstrate the elements necessary for granting a writ of prohibition. For the following reasons, EnTech's Petition is dismissed.

{¶2} On October 3, 2016, EnTech filed its Petition for Writ of Prohibition. EnTech requests that this court order that Bryan Speece, the owner of EnTech, "not be compelled," in proceedings before the lower court, "to produce certain documents or testify regarding the confidential trade secrets of his employer EnTech." This includes matters designated confidential pursuant to nondisclosure agreements.

{¶3} According to EnTech's Petition, Speece and his wife, Marcia Speece, became involved in divorce proceedings before Judge Fuhry in the Geauga County Court of Common Pleas Case No. 15DC000460. In those proceedings, following the filing of discovery motions, the magistrate ordered discovery to be provided by Speece, which EnTech alleges includes information subject to nondisclosure agreements. Judge Fuhry ordered Speece to provide copies of confidential documents/nondisclosure agreements for in camera review. According to EnTech, in discovery, it "produced certain redacted nondisclosure agreements."

{¶4} On September 15, 2016, Marcia filed a notice of deposition, which, according to EnTech, shows she intended to depose Speece on confidential and trade secret information. At the deposition, Speece refused to discuss information in relation to the nondisclosure agreements. A special master was subsequently appointed "to facilitate discovery," turned over nondisclosure agreements to Marcia's counsel, and requested that Speece attend another deposition to testify regarding "protected" information. Speece refused to do so.

**{¶5}** EnTech argues that the threat of sanctions against Speece may cause him to disclose confidential trade secret information and requiring Speece to do so "will cause EnTech to violate a contract," resulting in irreparable harm. It contends that Judge Fuhry "does not have jurisdiction to force an entity to breach a contract without due process," which amounts to intentional interference with a contract.

**{¶6}** On November 9, 2016, respondents filed a Motion to Dismiss.[1] Therein, they contend that the trial court had jurisdiction to issue discovery orders, this is not properly challenged through seeking a writ of prohibition, and there is an adequate remedy at law.

**{¶7}** EnTech filed a brief in Opposition to Respondents' Motion to Dismiss on November 29, 2016.

**{¶8}** "The conditions which must exist to support the issuance of a writ of prohibition are: (1) The court or officer against whom it is sought must be about to exercise judicial or quasi-judicial power; (2) the exercise of such power must be unauthorized by law; and (3) it must appear that the refusal of the writ would result in injury for which there is no other adequate remedy in the ordinary course of the law." *State ex rel. McKee v. Cooper*, 40 Ohio St.2d 65, 320 N.E.2d 286 (1974), paragraph one of the syllabus. However, "the absence of an adequate legal remedy is not necessary when the lack of judicial authority to act is patent and unambiguous; i.e., if the lack of jurisdiction is clear, the writ will lie upon proof of the first two elements only."

---

1. On October 19, 2016, Marcia filed a Brief in Opposition to Relator's Petition for Writ of Prohibition. Relator and respondents filed Motions to Strike on the ground that she is not a party to the present matter. As such, her Brief has been stricken in a separate Judgment Entry of this court and will not be considered.

3

*Johnson v. Geauga Cty. Court of Common Pleas*, 11th Dist. Geauga No. 2014-G-3206, 2015-Ohio-210, ¶ 7.

{¶9} "[T]he function of a writ of prohibition is very limited; i.e., the sole purpose of such a writ is to stop an inferior court or judicial officer from engaging in any action which exceeds the general scope of its jurisdiction." *State ex rel. Feathers v. Gansheimer*, 11th Dist. Ashtabula No. 2006-A-0038, 2007-Ohio-2858, ¶ 2.

{¶10} Dismissal of an original action is "appropriate if after presuming the truth of all material factual allegations of [relator's] petition and making all reasonable inferences in their favor, it appear[s] beyond doubt that they could prove no set of facts entitling them to the requested extraordinary relief." *State ex rel. Scott v. Cleveland*, 112 Ohio St.3d 324, 2006-Ohio-6573, 859 N.E.2d 923, ¶ 14.

{¶11} As an initial matter, the respondents argue that the Petition must be dismissed as to the Geauga County Court of Common Pleas since it is not *sui juris* and cannot sue or be sued absent statutory authority. *State ex rel. Cleveland Mun. Court v. Cleveland City Council*, 34 Ohio St.2d 120, 121, 296 N.E.2d 544 (1973).

{¶12} The law outlined above states that a writ of prohibition can be issued when a "court or officer" is about to exercise judicial power and the purpose of a writ of prohibition is to stop a court or judicial officer from engaging in improper actions. This court has considered the merits of requests for prohibition when filed against a lower court as a respondent. *State ex rel. Invesco Mgmt Co. LLC v. Geauga Cty. Court of Common Pleas*, 11th Dist. Geauga No. 2012-G-3085, 2012-Ohio-4651; *State ex rel. Jurczenko v. Lake Cty. Court of Common Pleas*, 11th Dist. Lake No. 2009-L-178, 2010-Ohio-3252.

4

{¶13} Regardless, we find that the request for a writ of prohibition must be dismissed against both respondents, since relator fails to raise a jurisdictional issue. EnTech seeks to prevent the lower court from enforcing existing discovery orders or ordering additional discovery, from Speece, of documents relating to EnTech's business. It does not, however, demonstrate how the court acted without jurisdiction in ordering these documents be produced.

{¶14} There is no question that the Geauga County Court of Common Pleas has subject matter jurisdiction over the Speece divorce proceedings. R.C. 3105.011 ("[t]he court of common pleas including divisions of courts of domestic relations, has full equitable powers and jurisdiction appropriate to the determination of all domestic relations matters"). "In the absence of a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party contesting that jurisdiction has an adequate remedy by appeal." *State ex rel. Plant v. Cosgrove*, 119 Ohio St.3d 264, 2008-Ohio-3838, 893 N.E.2d 485, ¶ 5.

{¶15} Inherent in the lower court's exercise of jurisdiction are duties such as ensuring discovery is properly conducted. There is no question that "courts have broad discretion over discovery matters." *State ex rel. Citizens for Open, Responsive & Accountable Govt. v. Register,* 116 Ohio St.3d 88, 2007-Ohio-5542, 876 N.E.2d 913, ¶ 18. Discovery of various types of records occurs in divorce proceedings since financial and business records are necessarily relevant for resolving issues relating to the determination of the parties' income and assets and equitable distribution of property. *See, e.g.,* R.C. 3105.171; R.C. 3105.18.

**{¶16}** In matters where a court has exercised its discretionary authority to order or regulate discovery, it has been held that "an extraordinary writ will not issue to control [the judge's] judicial discretion, even if that discretion is abused." *Berthelot v. Dezso*, 86 Ohio St.3d 257, 259, 714 N.E.2d 888 (1999); *State ex rel. Mason v. Burnside*, 117 Ohio St.3d 1, 2007-Ohio-6754, 881 N.E.2d 224, ¶ 11, citing *State ex rel. Abner v. Elliott*, 85 Ohio St.3d 11, 16, 706 N.E.2d 765 (1999) (a "writ of prohibition will not generally issue to challenge discovery orders").

**{¶17}** EnTech fails to present any argument showing that the court was not permitted to exercise jurisdiction over the parties or that it is not permitted to generally order discovery. Rather, EnTech essentially argues that the court acted improperly by requiring discovery of certain types of materials, including those subject to nondisclosure agreements. This is not a jurisdictional issue but instead the type of argument that the Ohio Supreme Court has found does not justify a grant of an extraordinary writ. This exercise of judicial discretion is more properly challenged on appeal. *Berthelot* at 259.

**{¶18}** EnTech, which is not a party to the divorce proceedings, argues that it is impacted by the trial court's action since the court is interfering with its contracts/nondisclosure agreements and essentially compelling Speece to breach these agreements. This does not alter the foregoing analysis or change the conditions under which a writ of prohibition may be granted. EnTech fails to cite even one case to support a contrary holding. Even if the trial court was requiring Speece to breach certain agreements, he, as the person subject to the order, has potential remedies to prevent requiring disclosure, such as seeking a protective order or, if held in contempt

6

for failure to disclose, seeking an appeal from that holding, as well as appealing discovery issues. The fact that EnTech cannot control Speece's actions to prevent him from allegedly breaching the agreements does not warrant it relief through a writ prohibiting the trial court to take action which it is permitted to take.

{¶19} Further, while documents containing trade secrets can be subject to a protective order if one is sought in the lower court, this would be a matter within the trial court's discretion. Courts have determined that the issuance of a writ to prevent the court from exercising its discretion in such matters is not proper. *See State ex rel. Records Deposition Serv. v. Aurelius*, 8th Dist. Cuyahoga No. 78456, 2001 WL 233402, 2-3 (Mar. 8, 2001); *State ex rel. ABM Janitorial Midwest, Inc. v. Franklin Cty. Court of Common Pleas*, 10th Dist. Franklin No. 09AP-27, 2010-Ohio-623, ¶ 43.

{¶20} For the foregoing reasons, respondents' Motion to Dismiss is granted and EnTech's Petition for a Writ of Prohibition is dismissed.

DIANE V. GRENDELL, J., THOMAS R. WRIGHT, J., COLLEEN MARY O'TOOLE, J., concur.