[Cite as *State ex rel. Grant v. Collins*, 2017-Ohio-1338.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO ex rel. SCOTT A. GRANT, | : | **PER CURIAM OPINION** |
| | : | |
| Relator, | : | |
| | : | **CASE NO. 2016-L-106** |
| - vs - | : | |
| JUDGE RICHARD L. COLLINS, JR., | : | |
| Respondent. | : | |

Original Action for Writ of Prohibition.

Judgment: Petition dismissed.

*Scott A. Grant*, pro se, PID: A197-111, Southern Ohio Correctional Facility, 1724 State Route 728, Lucasville, OH 45699 (Relator).

*Charles E. Coulson*, Lake County Prosecutor, *Teri R. Daniel*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Respondent).

PER CURIAM.

{¶1} Respondent, Judge Richard L. Collins, Jr., moves for dismissal of relator, Scott A. Grant's, petition for a writ of prohibition. Respondent argues the petition fails to state a viable claim because relator has an adequate remedy at law. For the following reasons, respondent's motion to dismiss is granted.

{¶2} In September 1985, relator was indicted on charges of rape, aggravated murder, and kidnapping. After a jury trial, he was convicted of involuntary manslaughter

and kidnapping. The rape charge was dismissed at the conclusion of the state's case. This court affirmed. *See State v. Grant*, 11th Dist. Lake No. 11-252, 1987 WL 26720 (Dec. 4, 1987).

**{¶3}** In August 2016, respondent issued a judgment setting a hearing to determine whether relator should be designated a sexual predator pursuant to Megan's Law (H.B. 180).

**{¶4}** Before the scheduled hearing, relator brought this action seeking a writ prohibiting respondent from proceeding. In asserting that respondent lacks jurisdiction, relator alleges that Megan's Law is no longer enforceable because it was repealed by the Ohio General Assembly.

**{¶5}** Seeking dismissal, respondent argues that prohibition cannot lie because relator has an adequate legal remedy by way of appeal.

**{¶6}** A writ of prohibition will issue when the relator can prove: (1) a judicial officer is about to use judicial or quasi-judicial power; (2) the proposed use of power is unauthorized under the law; and (3) unless the writ is issued, the relator will suffer harm for which there is no other adequate remedy in the ordinary course of the law. *State ex rel. Smith v. Hall*, 145 Ohio St.3d 473, 2016-Ohio-1052, 50 N.E.3d 524, ¶7. The writ cannot be employed to prevent an erroneous judgment or to correct mistakes in a lower court proceeding. *State ex rel. Linetsky v. Friedman*, 8th Dist. Cuyahoga No. 100117, 2013-Ohio-3257, ¶4. Rather, the purpose of the writ is to "'stop an inferior court or judicial officer from engaging in any action which exceeds the general scope of its jurisdiction.'" *Entech LTD. v. Geauga Cty. Court of Common Pleas*, 11th Dist. Geauga No. 2016-G-0092, 2017-Ohio-503, ¶9, quoting *State ex rel. Feathers v. Gansheimer*,

11th Dist. Ashtabula No. 2006-A-0038, 2007-Ohio-2858, ¶2.

{¶7} As to the adequate remedy element, an "appeal is considered an adequate remedy that will preclude a writ of prohibition." *Smith*, at ¶8. However, the writ will lie even if an adequate remedy exists, provided the lack of jurisdiction is patent and unambiguous. *Entech*, at ¶8.

{¶8} Nevertheless, "absent such a patent and unambiguous lack of jurisdiction, a court having general jurisdiction of the subject matter of an action has authority to determine its own jurisdiction. A party challenging the court's jurisdiction has an adequate remedy at law via appeal from the court's holding that it has jurisdiction." *Linetsky*, at ¶4, citing *State ex rel. Rootstown Local School Dist. Bd. of Edn. v. Portage Cty. Court of Common Pleas*, 78 Ohio St.3d 489, 678 N.E.2d 1365 (1997).

{¶9} Under Megan's Law (H.B. 180), R.C. 2950.09(B)(1) states that the judge imposing sentence or his successor must hold a hearing to determine whether the defendant is a sexual predator. *See State v. Turner*, 2nd Dist. Montgomery No. 25115, 2013-Ohio-806, ¶17. Similarly, R.C. 2950.09(C)(1) provides that if a defendant was sentenced to a prison term on a sexually oriented offense prior to the effective date of the statute, and if the department of rehabilitation and correction then decides to recommend prior to the defendant's release that he be adjudicated a sexual predator, the recommendation shall be be sent to the court imposing sentence. *See State v. McIntyre*, 130 Ohio App.3d 463, 465, 720 N.E.2d 222 (9th Dist.1998); *State v. Baird*, 12th Dist. Clermont No. CA2001-03-043, 2002 WL 649394, *2 (Apr. 22, 2002).

{¶10} In his petition, relator states he is the defendant and that respondent is the judge in the underlying case. Hence, under the version of R.C. 2950.09 set forth in

3

Megan's Law, relator's allegations are insufficient to establish a patent and unambiguous lack of jurisdiction. Thus, should relator disagree with respondent's rulings, he has an adequate remedy via direct appeal.

{¶11} Viewing the allegations in the petition in a manner most favorable to petitioner, he can prove no set of facts entitling him to relief. Civ.R. 12(B)(6). *Entech*, 2017-Ohio-503, at ¶10. Respondent's motion to dismiss is granted. Petition is dismissed.

CYNTHIA WESTCOTT RICE, P.J., DIANE V. GRENDELL, J., THOMAS R. WRIGHT, J., concur.