[Cite as *Robinson v. Fender*, 2019-Ohio-2514.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| JACKIE N. ROBINSON, | : | **PER CURIAM OPINION** |
| Petitioner, | : | |
| - vs - | : | **CASE NO. 2019-A-0039** |
| WARDEN FENDER, | : | |
| Respondent. | : | |

Original Action for Writ of Habeas Corpus.

Judgment: Petition dismissed.

*Jackie N. Robinson*, pro se, PID: A554-458, Lake Erie Correctional Institution, P.O. Box 8000, 501 Thompson Road, Conneaut, OH 44030 (Petitioner).

*Dave Yost*, Ohio Attorney General, and *Jerri L. Fosnaught,* Assistant Attorney General, State Office Tower, 30 East Broad Street, 16th Floor, Columbus, OH 43215 (For Respondent).

PER CURIAM.

{¶1} Petitioner, Jackie N. Robinson, seeks a writ of habeas corpus. Respondent, Warden Fender, moves to dismiss for failure to comply with R.C. 2969.25(A):

{¶2} "At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. The affidavit shall include all

of the following for each of those civil actions or appeals:

{¶3} "(1) A brief description of the nature of the civil action or appeal;

{¶4} "(2) The case name, case number, and the court in which the civil action or appeal was brought;

{¶5} "(3) The name of each party to the civil action or appeal;

{¶6} "(4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court * * *."

{¶7} The requirements of R.C. 2969.25(A) are mandatory, and substantial compliance does not suffice. *State ex rel. Manns v. Henson*, 119 Ohio St.3d 348, 2008-Ohio-4478, 894 N.E.2d 47, ¶ 4; *Martin v. Ghee*, 10th Dist. Franklin No. 01AP-1380, 2002 WL 523000, *3 (Apr. 9, 2002).

{¶8} Although petitioner submitted an R.C. 2969.25(A) affidavit with his petition, it does not provide a description of his prior civil actions and appeals. Instead, his affidavit states:

{¶9} "I, Jackie N. Robinson, petitioner, swear under penalty of perjury that I cannot recall all of the civil actions I have filed in the last five years as required by R.C. 2969.25. And would not want to misinform this court. Petitioner's liberty interest cannot be trumped by procedural faults beyond his control. Petitioner claims unlawful deprivation of his liberty, and requests due process, as of right, to be heard."

{¶10} In *Martin*, 2002 WL 523000, the inmate asserted that he had no information regarding his prior civil actions because prison rules did not permit him to retain his prior inactive cases. In affirming dismissal, the *Martin* court held that the inability to retain

2

information regarding prior cases does not justify the failure to make any attempt to describe the civil actions or appeals filed in the previous five years. *Id.* at *4. *See also State ex rel. Johnson v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 16AP-69, 2016-Ohio-5424. Petitioner did not make any attempt to comply.

{¶11} Respondent's motion to dismiss is granted.


THOMAS R. WRIGHT, P.J., MATT LYNCH, J., MARY JANE TRAPP, J., concur.