[Cite as *State ex rel. Reese v. Logan*, 2019-Ohio-3447.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO ex rel.<br>THOMAS REESE, | **:** | **PER CURIAM OPINION** |
| | **:** | |
| Relator, | | **CASE NO. 2019-T-0041** |
| | **:** | |
| - vs - | | |
| | **:** | |
| THE HONORABLE<br>ANDREW D. LOGAN, | | |
| | **:** | |
| Respondent. | **:** | |

Original Action for Writ of Mandamus.

Judgment: Petition dismissed.

*Dennis Watkins*, Trumbull County Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Respondent).

*Thomas Reese*, pro se, PID# A430-787, Northeast Ohio Correctional Center, 2240 Hubbard Road, Youngstown, OH 44505 (Relator).

PER CURIAM

{¶1} Pending before this court are relator, Thomas Reese's, "Complaint for Writ of Mandamus," construed as a petition for writ of mandamus, and respondent, Honorable Judge Andrew D. Logan's, "Motion in Opposition to Relator's Writ of Mandamus and Motion to Dismiss." For the following reasons, we dismiss Reese's petition.

{¶2} On April 29, 2002, following a jury trial, Reese was convicted of six counts, including Felonious Assault, Attempted Murder, Criminal Damaging, and Aggravated

Menacing. The trial court issued a May 21, 2002 Entry on Sentence, ordering Reese to serve a total prison term of 25 years. On appeal, this court reversed based upon issues regarding consultation with counsel prior to jury trial waiver, *State v. Reese*, 11th Dist. Trumbull No. 2002-T-0068, 2004-Ohio-341, but, on the State's appeal, the Ohio Supreme Court reinstated Reese's convictions and sentence. *State v. Reese*, 106 Ohio St.3d 65, 2005-Ohio-3806, 831 N.E.2d 983.

{¶3} Reese filed a Motion for Resentencing in the trial court on February 21, 2019, for the failure to merge allied offenses, which was denied in an April 2, 2019 Judgment Entry. Reese subsequently filed identical Motions for Final Appealable Order on March 18 and June 3, 2019, arguing that the trial court had not issued a final entry of conviction and sentence due to its failure to impose proper post-release control. In a June 20, 2019 Judgment Entry, Judge Logan denied the motions requesting a final appealable order, finding the request not well taken "for the reasons set forth in this Court's previous Judgment Entry docketed April 2, 2019."

{¶4} On July 2, 2019, Reese filed his "Complaint for Writ of Mandamus," requesting a writ compelling Judge Logan to "bring him back in front of the trial court to issue a final appealable order" and hold a new sentencing hearing to properly impose post-release control sanctions.

{¶5} Judge Logan filed a "Motion in Opposition to Relator's Writ of Mandamus and Motion to Dismiss" on July 9, 2019, arguing that he had ruled on Reese's motion[1] and had not refused to issue a judgment such that mandamus would be warranted.

---

1. The State references Reese's motion for resentencing and the trial court's April 2, 2019 Judgment Entry ruling on that motion. However, Reese's motion for resentencing, which related to allied offenses and not post-release control, is not at issue here. Reese argues only that the court erred by failing to impose proper post-release control, an issue raised in Reese's Motions for Final Appealable Order and ruled upon in the June 20, 2019 Judgment Entry.

**{¶6}** Pursuant to R.C. 2731.01, mandamus is "a writ * * * commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station." "For a writ of mandamus to issue, the relator must establish a clear legal right to the relief prayed for; the respondent must have a clear legal duty to perform the act; and the relator must have no plain and adequate remedy in the ordinary course of the law." *State ex rel. Widmer v. Mohney*, 11th Dist. Geauga No. 2007-G-2776, 2008-Ohio-1028, ¶ 31, citing *State ex rel. Natl. Broadcasting Co., Inc. v. Cleveland*, 38 Ohio St.3d 79, 80, 526 N.E.2d 786 (1988).

**{¶7}** Judge Logan contends that the court has already issued a final appealable order by ruling on the issue of resentencing and, thus, mandamus is unwarranted and the matter must be dismissed pursuant to Civ.R. 12(B)(6). *See State ex rel. Breaux v. Court of Common Pleas of Cuyahoga Cty.*, 50 Ohio St.2d 164, 363 N.E.2d 743 (1977) ("A writ of mandamus will not issue to compel a public official to perform a legal duty which has been completed.").

**{¶8}** A motion to dismiss pursuant to Civ.R. 12(B)(6) tests the sufficiency of the complaint and, "[i]n order to dismiss a complaint under Civ.R. 12 or to enter judgment on the pleadings, a court must be convinced, based solely on the allegations in the complaint, that the plaintiff can prove no set of facts entitling him to recovery." (Citation omitted.) *Johns v. Allen*, 11th Dist. Trumbull No. 2013-T-0007, 2013-Ohio-2045, ¶ 7. A Civ.R. 12(B)(6) motion is properly granted in instances where there is an adequate remedy in the ordinary course of law available. *State ex rel. Hummel v. Sadler*, 96 Ohio St.3d 84, 2002-Ohio-3605, 771 N.E.2d 853, ¶ 20.

**{¶9}** Reese does not contest that the court ruled upon his 2019 motions for a final order. Rather, he contends that the court's 2002 sentencing entry was void because

3

of its failure to include post-release control advisements, there is no final order of conviction and sentence, and he is permitted to seek a final order through mandamus proceedings.

{¶10} The Ohio Supreme Court has recently addressed whether a relator is entitled to a writ of mandamus when he alleges that the trial court has failed to issue a final entry of conviction and sentence. *State ex rel. Daniels v. Russo*, 156 Ohio St.3d 143, 2018-Ohio-5194, 123 N.E.3d 1011. In *Daniels*, the relator filed a motion in the trial court for a final appealable order, arguing that the sentencing entry did not contain all necessary elements for a final entry of conviction under Crim.R. 32(C). *Id.* at ¶ 4. The court held that relator was not entitled to a writ of mandamus "because he had an adequate remedy in the ordinary course of the law in the form of a direct appeal from" the entry denying his motion. *Id.* at ¶ 9. It found that such an entry constituted a final appealable order since it affected a substantial right, i.e., the right to a judgment entry of conviction that satisfies Crim.R. 32 and "determined the action and prevented a judgment" since it ruled on the only issue presently before the court for resolution. *Id.* at ¶ 11-12.

{¶11} Further, it has been held that an adequate remedy by way of law also exists via the direct appeal from the initial sentencing entry when the court orders post-release control, albeit imperfectly, provided the "sentencing entry sufficiently included language that postrelease control was part of his sentence so as to afford [the defendant] sufficient notice to raise any claimed errors on appeal rather than by extraordinary writ." *State ex rel. Pruitt v. Cuyahoga Cty. Court of Common Pleas*, 125 Ohio St.3d 402, 2010-Ohio-1808, 928 N.E.2d 722, ¶ 4; *State ex rel. Agosto v. Gallagher*, 131 Ohio St.3d 176, 2012-Ohio-563, 962 N.E.2d 796, ¶ 4; *State ex rel. Perry v. McClelland*, 8th Dist. Cuyahoga No. 107535, 2019-Ohio-354, ¶ 7-8 (relator had "adequate remedies at law that now preclude

4

mandamus" where he was advised regarding post-release control but alleged improper "blanket imposition of postrelease control"). Even presuming the lower court erred in not stating "post-release control on counts 1, 2, 3, 4, 5, and 6 separately" as Reese contends, its 2002 Entry on Sentence stated that Reese had been notified "post release control is mandatory in this case up to a maximum of 5 years" and ordered that he "serve as part of this sentence any term of post release control imposed by the Parole Board, and any prison term for violation of that post release control." Thus, given this advisement, Reese had an adequate remedy through a direct appeal to raise any alleged errors in the imposition of post-release control.

{¶12} Since the lower court has completed the act of ruling upon Reese's request for a new sentencing entry and Reese had adequate remedies at law, he is not entitled to a writ of mandamus.

{¶13} For the foregoing reasons, Judge Logan's Motion to Dismiss is granted and Reese's "Complaint for Writ of Mandamus" is dismissed. Costs to be taxed against relator.

TIMOTHY P. CANNON, J., MATT LYNCH, J., MARY JANE TRAPP, J., concur.