[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Robinson v. Fender,* Slip Opinion No. 2020-Ohio-458.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-458

ROBINSON, APPELLANT, *v.* FENDER, WARDEN, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Robinson v. Fender,* Slip Opinion No. 2020-Ohio-458.]**

*Habeas corpus—R.C. 2969.25(A)—Inmate's failure to file affidavit containing description of each civil action or appeal of a civil action filed against government in previous five years in any state or federal court—Court of appeals' dismissal of petition affirmed.*

(No. 2019-1032—Submitted October 22, 2019—Decided February 13, 2020.)

APPEAL from the Court of Appeals for Ashtabula County, No. 2019-A-0039, 2019-Ohio-2514.

_____

**Per Curiam.**

{¶ 1} Appellant, Jackie N. Robinson, appeals the decision of the Eleventh District Court of Appeals dismissing his petition for a writ of habeas corpus against appellee, Douglas Fender, warden of the Lake Erie Correctional Institution.  After

briefing was completed, Robinson filed a motion for certified copies of the record. We deny the motion and affirm the judgment of the court of appeals.

*Background*

{¶ 2} On March 25, 2019, Robinson filed a petition for a writ of habeas corpus in the Eleventh District Court of Appeals alleging that he is entitled to immediate release from prison because his sentences had expired. After ordering a return on the writ, the court of appeals dismissed the complaint for failure to comply with R.C. 2969.25(A). The court of appeals determined that the affidavit Robinson attached to his petition did not list his prior civil actions as required by R.C. 2969.25(A). 2019-Ohio-2514, ¶ 10.

{¶ 3} Robinson appealed.

*Analysis*

{¶ 4} R.C. 2969.25(A) requires an inmate who commences in the court of appeals a civil action or appeal against a governmental entity or employee to file an affidavit containing "a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." The affidavit must include (1) a brief description of the nature of the civil case or appeal, (2) the case name, case number, and court in which the civil action or appeal was brought, (3) the name of each party to the civil action or appeal, and (4) the outcome of each civil action or appeal. R.C. 2969.25(A)(1) through (4).

{¶ 5} The affidavit Robinson submitted in this case reads, in full:

I, Jackie N. Robinson, petitioner, swear[] under penalty of perjury that I cannot recall all of the civil actions I have filed in the last five years as required by R.C. 2969.25, and would not want to misinform this court. Petitioner['s] liberty interest cannot be trumped by procedural faults beyond his control. Petitioner claims

unlawful deprivation of his liberty, and requests due process, as of right, to be heard.

The court of appeals correctly concluded that Robinson had not made "any attempt to comply" with the statutory requirement. 2019-Ohio-2514 at ¶ 10.

{¶ 6} "Compliance with R.C. 2969.25(A) is mandatory, and failure to comply will warrant dismissal." *State v. Henton*, 146 Ohio St.3d 9, 2016-Ohio-1518, 50 N.E.3d 553, ¶ 3. Moreover, the statute requires strict compliance. *Id.* at ¶ 4; *State ex rel. Manns v. Henson*, 119 Ohio St.3d 348, 2008-Ohio-4478, 894 N.E.2d 47, ¶ 4. For this reason, an affidavit that lists some, but not all, prior actions is subject to dismissal. *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 156 Ohio St.3d 408, 2019-Ohio-1271, 128 N.E.3d 193, ¶ 2, 7 (affirming dismissal of a mandamus action because the affidavit of prior actions omitted one prior mandamus case).

{¶ 7} In his briefs before this court, Robinson does not attempt to justify his noncompliance; indeed, he does not even mention it. Instead, he simply claims that his sentences would have expired but for the trial court's failure to accord him the jail-time credit to which he is entitled. We therefore conclude that the court of appeals correctly dismissed Robinson's habeas petition.

{¶ 8} On October 2, 2019, Robinson filed a motion for a certified copy of the record, requesting a complete copy of "the records, journal entries, and indictments." The documents to which he refers appear to be those in his underlying criminal case, which are presumably in the possession of the trial court. The trial court is not a party to this action and therefore is not an entity against which Robinson may seek relief. *See, e.g.*, *State ex rel. Nye v. Coates*, 146 Ohio St.3d 426, 2016-Ohio-1559, 57 N.E.3d 1138, ¶ 6-8 (holding that a writ of procedendo could not issue against a magistrate who was not named as a party to the action). Moreover, Robinson has not suggested that the documents he seeks

could explain or excuse his failure to comply with R.C. 2969.25(A), which is the sole issue in this appeal. And finally, he cannot use a habeas corpus action as a vehicle to obtain court records. *See State ex rel. Harris v. Pureval*, 155 Ohio St.3d 343, 2018-Ohio-4718, 121 N.E.3d 337, ¶ 11 (the Rules of Superintendence for the Courts of Ohio govern access to court records, and mandamus is the sole remedy for a violation of Sup.R. 47(B)).

{¶ 9} For these reasons, we deny the motion for a certified copy of the record.

Judgment affirmed.

KENNEDY, FRENCH, FISCHER, DeWINE, DONNELLY, and STEWART, JJ., concur.

O'CONNOR, C.J., not participating.

––––––––––––––––––

Jackie N. Robinson, pro se.

Dave Yost, Attorney General, and Jerri L. Fosnaught, Assistant Attorney General, for appellee.

––––––––––––––––––