[Cite as *Sferra v. Painesville Mun. Court*, 2021-Ohio-1261.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## LAKE COUNTY, OHIO

| | | |
|---|---|---|
| MATTHEW L. SFERRA, | : | **PER CURIAM OPINION** |
| | : | |
| Relator, | | |
| | : | **CASE NO. 2021-L-031** |
| - vs - | | |
| | : | |
| STATE OF OHIO, | | |
| PAINESVILLE MUNICIPAL COURT, | : | |
| | | |
| Respondent. | : | |

Original Action for Writ of Prohibition and Writ of Mandamus

Judgment: Petition dismissed.

*Matthew L. Sferra*, pro se, 21 Everett Rd., Painesville, OH 44077 (Relator).

*Joseph M. Gurley*, City of Painesville Law Director, 270 E. Main St., Painesville, OH 44077 (For Respondent).

PER CURIAM.

{¶1} Respondent moves for dismissal of the petition for a writ of mandamus and a writ of prohibition filed by relator, Matthew L. Sferra. Respondent argues the petition fails to state a claim upon which relief can be granted. For the following reasons, respondent's motion to dismiss is granted.

{¶2} Sferra's petition stems from traffic charges pending against him in the Painesville Municipal Court. Sferra claims that the trial court has not proved its jurisdiction over him. Sferra argues that a writ of mandamus should issue directing the action pending

in the municipal court be dismissed, and a writ of prohibition should issue to prevent the municipal court from proceeding any further with the pending traffic action or any other action against him.

{¶3} As respondent has moved to dismiss strictly on the basis that Sferra has failed to state a claim, we will limit our review of Sferra's petition accordingly and disregard any procedural issues.

{¶4} Dismissal of an original action is "appropriate if after presuming the truth of all material factual allegations of [relator's] petition and making all reasonable inferences in [his] favor, it appear[s] beyond doubt that [he] could prove no set of facts entitling [him] to the requested extraordinary relief." (Citation omitted.) *State ex rel. Scott v. Cleveland*, 112 Ohio St.3d 324, 2006-Ohio-6573, 859 N.E.2d 923, ¶ 14. Respondent contends that Sferra has not a stated a claim in his petition that would entitle him to a writ in mandamus or in prohibition.

{¶5} "It is well-settled that in order for a writ of mandamus to issue the relator must demonstrate (1) a clear legal right to the relief prayed for; (2) respondents are under a clear duty to perform the acts; and (3) relator has no plain and adequate remedy in the ordinary course of law." (Citations omitted.) *State ex rel. Natl. Broadcasting Co., Inc. v. Cleveland*, 38 Ohio St.3d 79, 80, 526 N.E.2d 786 (1988); *State ex rel. Reese v. Logan*, 11th Dist. Trumbull No. 2019-T-0041, 2019-Ohio-3447, ¶ 6.

{¶6} For a writ of prohibition to issue, the relator must prove: "(1) a judicial officer is about to use judicial or quasi-judicial power; (2) the proposed use of power is unauthorized under the law; and (3) unless the writ is issued, the relator will suffer harm for which there is no other adequate remedy in the ordinary course of the law." *State ex*

*rel. Grant v. Collins,* 11th Dist. Lake No. 2016-L-106, 2017-Ohio-1338, ¶ 6, citing *State ex rel. Smith v. Hall*, 145 Ohio St.3d 473, 2016-Ohio-1052, 50 N.E.3d 524, ¶ 7. "The writ cannot be employed to prevent an erroneous judgment or to correct mistakes in a lower court proceeding." (Citation omitted.) *Grant* at ¶ 6.

{¶7} An "'appeal is considered an adequate remedy'" that precludes the writs of prohibition and mandamus. *Id.* at ¶ 7, quoting *Smith* at ¶ 8; *State ex rel. Nye v. Coates*, 146 Ohio St.3d 426, 2016-Ohio-1559, 57 N.E.3d 1138, ¶ 10. However, despite the existence of an adequate remedy, the writs will lie if the court in the underlying action patently and unambiguously lacks jurisdiction. *Entech LTD. v. Geauga Cty. Court of Common Pleas*, 2017-Ohio-503, 85 N.E.3d 108, ¶ 8 (11th Dist.); *State ex rel. Powell v. Markus*, 115 Ohio St.3d 219, 2007-Ohio-4793, 874 N.E.2d 775, ¶ 7. Accordingly, "[a]bsent a patent and unambiguous lack of jurisdiction, a tribunal having general subject-matter jurisdiction of a case possesses authority to determine its own jurisdiction, and a party challenging its jurisdiction has an adequate remedy by postjudgment appeal from its holding that it has the requisite jurisdiction." (Citation omitted.) *State ex rel. Rootstown Local School Dist. Bd. of Edn. v. Portage Cty. Court of Common Pleas*, 78 Ohio St.3d 489, 491, 678 N.E.2d 1365 (1997).

{¶8} In his petition, Sferra maintains that respondent's jurisdiction has not been established "on the record." Therefore, Sferra appears to argue that respondent is proceeding without subject matter and personal jurisdiction.

{¶9} With respect to subject matter jurisdiction, R.C. 1901.20(A)(1) provides, in relevant part, "The municipal court has jurisdiction to hear misdemeanor cases committed within its territory and has jurisdiction over the violation of any ordinance of any municipal

3

corporation within its territory, including exclusive jurisdiction over every civil action concerning a violation of a state traffic law or a municipal traffic ordinance." R.C.1901.02(B) states that "[t]he Painesville municipal court has jurisdiction within Painesville, Perry, Leroy, Concord, and Madison townships in Lake county."

{¶10} Viewing the allegations in Sferra's petition in a manner most favorable to him, he cannot establish a patent and unambiguous lack of subject matter jurisdiction.

{¶11} With respect to personal jurisdiction, Sferra maintains that he is an "American National / State Citizen / Ohioan," and the trial court has not yet established jurisdiction over him on the record despite his requests.

{¶12} However, R.C. 2901.11(A)(1) provides, "A person is subject to criminal prosecution and punishment in this state if * * * [t]he person commits an offense under the laws of this state, any element of which takes place in this state." *See also State v. Blood*, 11th Dist. Ashtabula No. 98-A-0041, 1999 WL 744031, *2 (Sept. 17, 1999), fn. 1. (in "criminal case[s, ] the jurisdictional issues raised are generally understood to be framed in terms of territorial jurisdiction. In this regard, Ohio has territorial jurisdiction over persons who commit crimes within the territory of Ohio or when at least one element of the crime takes place in Ohio").

{¶13} Again, construing all allegations in the petition in Sferra's favor, he cannot establish a patent and unambiguous lack of personal jurisdiction.

{¶14} Sferra has an adequate remedy at law via appeal from the court's holding that it has jurisdiction. *Rootstown Local School Dist. Bd. of Edn.*, 78 Ohio St.3d at 491.

{¶15} Accordingly, Sferra can prove no set of facts entitling him to relief. Civ.R.

12(B)(6).  Respondent's motion to dismiss is granted, and the petition is dismissed.


CYNTHIA WESTCOTT RICE, J., THOMAS R. WRIGHT, J., MATT LYNCH, J., concur.