[Cite as *State ex rel. Wolfe v. Ohio Adult Parole Auth.*, 2016-Ohio-1554.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex. rel. Javelen Wolfe, | : | |
| Relator, | : | |
| v. | : | No. 15AP-1118 |
| Ohio Adult Parole Authority, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

D E C I S I O N

Rendered on April 14, 2016

*Javelen Wolfe*, pro se.

IN MANDAMUS
ON OBJECTION TO THE MAGISTRATE'S DECISION

TYACK, J.

{¶ 1} Javelen Wolfe has filed an action in mandamus, seeking a writ to compel the Ohio Adult Parole Authority to grant him a hearing based on criteria contained in R.C. 2967.03. He asks that the hearing also honor Equal Protection of Law under the Fifth Amendment to the U.S. Constitution.

{¶ 2} In accordance with Loc.R. 13 of the Tenth Appellate District, the case was referred to a magistrate to conduct appropriate proceedings. The magistrate issued a magistrate's decision, appended hereto, which noted that Wolfe had not deposited the required filing fee or filed documents seeking a waiver of the filing fee. The magistrate's decision also indicated that Wolfe had not sufficiently identified or described four other filings he initiated in various Ohio courts. As a result, the magistrate recommended that we dismiss this action in mandamus.

{¶ 3}   Wolfe filed an objection to the magistrate's decision in which he claimed that he had forwarded the necessary documents about the filing fee, apparently after filing the case but before the magistrate issued his magistrate's decision. He acknowledged that he did not fully comply with R.C. 2969.25(A)(1), (2), (3), and (4).

{¶ 4}   Wolfe seems to indicate that Ohio courts have not complained about his noncompliance with the statutory section before now, so his noncompliance should be overlooked.

{¶ 5}   The magistrate's decision correctly sets forth the pertinent facts, especially with regard to R.C. 2969.25(A)(1), (2), (3), and (4). We therefore overrule Wolfe's objection to the magistrate's decision and adopt the findings of fact and conclusions of law contained in the magistrate's decision.

{¶ 6}   As a result, we dismiss this action in mandamus.

*Objection overruled; Action dismissed.*

BROWN and BRUNNER, JJ., concur.

_____

# APPENDIX

## IN THE COURT OF APPEALS OF OHIO

### TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Javelen Wolfe, | : | |
| Relator, | : | |
| v. | : | No. 15AP-1118 |
| Ohio Adult Parole Authority, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

---

### M A G I S T R A T E' S   D E C I S I O N

#### Rendered on December 30, 2015

---

*Javelen Wolfe,* pro se.

---

### IN MANDAMUS
### ON SUA SPONTE DISMISSAL

{¶ 7}   In this original action, relator, Javelen Wolfe, an inmate of the Hocking Correctional Facility, filed this original action requesting that a writ of mandamus issue against respondent, Ohio Adult Parole Authority.

Findings of Fact:

{¶ 8}   1. On December 14, 2015, relator, an inmate of the Hocking Correctional Facility, filed this original action requesting that a writ of mandamus issue against respondent.

{¶ 9}   2. Relator has not deposited with the clerk of this court the monetary sum required as security for the payment of cost. See Loc.R. 13(B) of the Tenth District Court of Appeals.

{¶ 10} 3. Relator has not filed an affidavit that he is seeking a waiver of the pre-payment of this court's full filing fees and an affidavit of indigency as provided by R.C. 2969.25(C).

{¶ 11} 4. Relator has not filed a statement that sets forth the balance in his inmate account for each of the preceding six months, as certified by the institutional cashier, as provided by R.C. 2969.25(C)(1).

{¶ 12} 5. Relator did file with this court a document captioned "Affidavit For Filing Other Civil Actions." The affidavit was executed by relator on December 3, 2015. The body of the affidavit states in its entirety:

> I, Javelen Wolfe, do solemnly swear that I have filed the only listed Civil Action(s) in the previous five years.
>
> (1.)  2014-00838 (Court of Claims)
>
> (2.)  2013-00058 (Court of Claims)
>
> (3.)  2015-26627 (Montgomery County)
>
> (4.)  2015-1903 (Supreme Court)

{¶ 13} The affidavit does not give a brief description of the nature of each of the four actions listed as provided by R.C. 2969.25(A)(1).

{¶ 14} The affidavit does not give the case name of each of the four actions listed as provided by R.C. 2969.25(A)(2).

{¶ 15} The affidavit does not give the name of each party to the actions listed as provided by R.C. 2969.25(A)(3).

{¶ 16} The affidavit does not give the outcome of each of the actions listed or any of the other information as provided by R.C. 2969.25(A)(4).

Conclusions of Law:

{¶ 17} It is the magistrate's decision that this court sua sponte dismiss this action.

> R.C. 2969.25 provides:
>
> (A) At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or

federal court. The affidavit shall include all of the following for each of those civil actions or appeals:

(1) A brief description of the nature of the civil action or appeal;
(2) The case name, case number, and the court in which the civil action or appeal was brought;

(3) The name of each party to the civil action or appeal;

(4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.

\* \* \*

(C) If an inmate who files a civil action or appeal against a government entity or employee seeks a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file with the complaint or notice of appeal an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency. The affidavit of waiver and the affidavit of indigency shall contain all of the following:

(1) A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier;

(2) A statement that sets forth all other cash and things of value owned by the inmate at that time.

{¶ 18} Here, by failing to file an affidavit of waiver and an affidavit of indigency and a statement that sets forth the balance in his inmate account for each of the preceding six months, as certified by the institutional cashier, relator has failed to satisfy the mandatory filing requirements set forth at R.C. 2969.25(C) and, thus, this court must dismiss this action. *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533; *Hawkins v. S. Ohio Corr. Facility*, 102 Ohio St.3d 299, 2004-Ohio-2893.

{¶ 19} Moreover, relator's affidavit captioned "Affidavit For Filing Other Civil Actions," fails to satisfy the mandatory filing requirements set forth at R.C. 2969.25(A). Thus, this court must dismiss this action on that basis also. *Id.*

{¶ 20} Accordingly, for all the above reasons, it is the magistrate's decision that this court sua sponte dismiss this action.

/S/ MAGISTRATE
KENNETH W. MACKE

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).