[Cite as *State ex rel. Robinson v. Adult Parole Auth.*, 2018-Ohio-2101.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Damon Robinson, | : | |
| Relator, | : | |
| | | No. 16AP-284 |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Ohio Adult Parole Authority, | : | |
| Respondent. | : | |

D E C I S I O N

Rendered on May 31, 2018

**On brief:** *Damon Robinson,* pro se.

**On brief:** *Michael DeWine,* Attorney General, and *George Horváth,* for respondent.

IN MANDAMUS
ON SUA SPONTE DISMISSAL

LUPER SCHUSTER, J.

{¶ 1} Relator Damon Robinson has filed an original action requesting this court issue a writ of mandamus against respondent Ohio Adult Parole Authority. On June 15, 2016, respondent filed a motion to dismiss.

{¶ 2} This matter was referred to a magistrate of this court pursuant to Civ.R. 53(C) and Loc.R. 13(M) of the Tenth District Court of Appeals. The magistrate issued the appended decision, including findings of fact and conclusions of law, recommending this court sua sponte dismiss this action for relator's failure to comply with the mandatory filing requirements set forth in R.C. 2969.25. No objections to that decision have been filed.

{¶ 3} Finding no error of law or other defect on the face of the magistrate's decision, this court adopts the magistrate's decision as our own, including the findings of fact and

conclusions of law.  In accordance with the magistrate's decision, we sua sponte dismiss this action. Respondent's June 15, 2016 motion to dismiss is moot.

*Action dismissed.*

KLATT and SADLER, JJ., concur.

———————————————

## APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Damon Robinson, | : | |
| Relator, | : | |
| v. | : | No. 16AP-284 |
| Ohio Adult Parole Authority, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

### M A G I S T R A T E ' S   D E C I S I O N

**Rendered on July 25, 2016**

*Damon Robinson,* pro se.

*Michael DeWine,* Attorney General, and *George Horvath,* for respondent.

IN MANDAMUS
ON SUA SPONTE DISMISSAL

{¶ 4} In this original action, relator, Damon Robinson, an inmate of the Belmont Correctional Institution ("BCI"), requests that a writ of mandamus issue against respondent, Ohio Adult Parole Authority.

Findings of Fact:

{¶ 5} 1. On April 13, 2016, relator, a BCI inmate, filed this mandamus action against respondent.

{¶ 6} 2. Relator has not deposited with the clerk of this court the monetary sum required as security for the payment of costs. *See* Loc.R. 13(B) of the Tenth District Court of Appeals.

{¶ 7} 3. With his complaint, relator filed a document captioned "Request to Proceed Informa [sic] Puaperis [sic] Declaration," which is supported by an affidavit executed on April 5, 2016.

{¶ 8} Through the document, relator avers:

> I further depose that the following information regarding my ability to pay for costs or fees is true:
>
> [One] I *am not* employed.
>
> [Two] I *have not* received within the last twelve months income from a business, profession, or other self-employment, or from rents, interest, dividends, or other source.
>
> [Three] I *do not own* cash or savings.
>
> [Four] I *do not own* real estate, stocks, bonds, notes, automobiles, or other property of value (excluding ordinary household furnishings and clothing).

(Emphasis sic.)

{¶ 9} 4. With his complaint, relator submitted a three-page document captioned "Inmate Demand Statement," which contains entries relating to relator's inmate account from October 1, 2015 through March 29, 2016. The document is not certified by the institutional cashier as required by R.C. 2969.25(C)(1).

{¶ 10} 5. With his complaint, relator submitted a document captioned "Affidavit of Prior Civil Filings {R.C. §2969.25(C)}." The affidavit was executed April 5, 2016. The affidavit avers:

> **Affidavit of DAMON ROBINSON, Inst.#A695-349,** Pursuant to **O.R.C. § 2969.25(C);** Mr. Robinson hereby submits that he has previously filed **One (1)** Civil Actions [sic] in the past five years.
>
> **1)** State Habeas Corpus Petition in the Seventh District Court of Appeals, case number **15 BE 62**. The Outcome: The Habeas Corpus was dismissed on procedural grounds, an appeal of right is pending in the Ohio Supreme Court. S.Ct.

(Emphasis sic.)

{¶ 11} 6. With his complaint, relator submitted another document captioned "Affidavit of Prior Civil Filings {R.C. §2969.25(C)}." However, this document does not contain an affidavit. The document states:

> **Affidavit of DAMON ROBINSON, Inst.#A695-349,** Pursuant to **O.R.C. § 2969.25(C);** Mr. Robinson hereby submits that he has previously filed **One (1)** Civil Actions [sic] in the past five years.
>
> **1)** State Habeas Corpus Petition in the Seventh District Court of Appeals, case number **15 BE 62**. The Outcome: The Habeas Corpus was dismissed on procedural grounds, an appeal of right is pending in the Ohio Supreme Court. S.Ct. Case number _____.

(Emphasis sic.)

{¶ 12} 7. On April 22, 2016, the magistrate issued an order denying relator's April 13, 2016 request or application for leave to proceed in forma pauperis. The magistrate's order instructed the clerk to collect fees and assess costs in accordance with R.C. 2969.22.

{¶ 13} 8. On June 15, 2016, respondent filed a motion to dismiss.

{¶ 14} 9. On July 15, 2016, relator filed a document captioned "Petitioner's Reply to Respondent's Motion to Dismiss Mandamus Action."

Conclusions of Law:

{¶ 15} It is the magistrate's decision that this court sua sponte dismiss this action.

> R.C. 2969.25 provides:
>
> (A) At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. The affidavit shall include all of the following for each of those civil actions or appeals:
>
> (1) A brief description of the nature of the civil action or appeal;
>
> (2) The case name, case number, and the court in which the civil action or appeal was brought;

(3) The name of each party to the civil action or appeal;

(4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.

* * *

(C) If an inmate who files a civil action or appeal against a government entity or employee seeks a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file with the complaint or notice of appeal an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency. The affidavit of waiver and the affidavit of indigency shall contain all of the following:

(1) A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier;

(2) A statement that sets forth all other cash and things of value owned by the inmate at that time.

{¶ 16} Relator's two documents, each captioned "Affidavit of Prior Civil Filings," fail to comply with the mandatory filing requirements set forth at R.C. 2969.25(A).

{¶ 17} The first of the two documents indicates that relator has previously filed one civil action in the last five years. Relator indicates on the document that the prior civil action was a habeas corpus petition filed in the Seventh District Court of Appeals and that the action was assigned case No. 15 BE 62. Relator further indicates that the outcome was dismissal and his subsequent appeal to the Supreme Court of Ohio.

{¶ 18} The document fails to give the name of each party to the habeas corpus action filed in the court of appeals and the appeal to the Supreme Court. Relator fails to give the case number of the appeal to the Supreme Court.

{¶ 19} The second document fails to satisfy R.C. 2969.25(A) in the same manner as the first document.

{¶ 20} Relator has also failed to satisfy the mandatory filing requirement set forth at R.C. 2969.25(C)(1). That is, while relator filed a three-page document captioned "Inmate Demand Statement," the document is not certified by the institutional cashier.

{¶ 21} The magistrate concludes that relator has failed to satisfy the mandatory filing requirements set forth at R.C. 2969.25(A) and (C). *See State ex rel. Wolfe v. Ohio Adult Parole Auth.,* 10th Dist. No. 15AP-1118, 2016-Ohio-1554.

{¶ 22} Thus, this court must sua sponte dismiss this action. *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533; *Hawkins v. S. Ohio Corr. Facility*, 102 Ohio St.3d 299, 2004-Ohio-2893.

{¶ 23} Accordingly, for all the above reasons, it is the magistrate's decision that this court sua sponte dismiss this action. It is further the magistrate's decision that respondent's June 15, 2016 motion to dismiss is moot.

/S/ MAGISTRATE
KENNETH W. MACKE

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).