[Cite as *State ex rel. Tayse v. Baker Ross*, 2020-Ohio-3014.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE EX REL. JAMES TAYSE

    Relator

        C.A. No.     29684

    v.

SUMMIT COUNTY COURT OF
COMMON PLEAS JUDGE SUSAN
BAKER ROSS

ORIGINAL ACTION IN
PROCEDENDO

    Respondent

Dated: May 20, 2020

---

PER CURIAM.

{¶1}     James Tayse has petitioned this Court for a writ of procedendo to order Judge Susan Baker Ross to rule on a motion. This is Mr. Tayse's second petition for a writ of procedendo; the first was dismissed because he failed to comply with the mandatory requirements of R.C. 2969.25. Because Mr. Tayse has again not complied with those mandatory requirements, this Court must dismiss this case.

{¶2}     R.C. 2969.25 sets forth specific filing requirements for inmates who file a civil action against a government employee or entity. The judge who is presiding over Mr. Tayse's case is a government employee and Mr. Tayse, incarcerated in the Lebanon Correctional Institution, is an inmate. R.C. 2969.21(C) and (D). A case must be dismissed if the inmate fails to comply with the mandatory requirements of R.C. 2969.25 in the commencement of the action. *State ex rel. Graham v. Findlay Mun. Court*, 106 Ohio St.3d 63, 2005-Ohio-3671, ¶ 6 ("The

requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal.").

{¶3} Mr. Tayse failed to comply with R.C. 2969.25(A) which requires the filing of an affidavit of prior civil actions including specific, mandatory, information. The affidavit must contain a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. For each action or appeal, the affidavit must contain the case name, the case number, the court in which the case was filed, the name of each party, a brief description of the nature of the action or appeal, and the outcome. R.C. 2969.25(A)(1) through (4).

{¶4} Mr. Tayse filed an affidavit of prior civil actions. As to those actions, he wrote that

> he has commenced 2 other [c]ivil actions over the past five years, pursuant to Ohio Revised Code 2969.25(A), [c]onsisting of the [f]ollowing[:] A Writ of Procedendo filed in the Ninth District Court of Appeals and A Writ of Habeas Corpus [f]iled in the Warren County Court of [Common] Pleas.

{¶5} Mr. Tayse's affidavit of prior civil actions failed to comply with the mandatory requirements of R.C. 2969.25(A). Although the affidavit indicated the nature of the complaint and the court in which it was filed, it failed to include the case name, the case number, the name of each party, a brief description of the nature of the action, and the outcome. R.C. 2969.25(A)(1) through (4).

{¶6} The Supreme Court has held that "[c]ompliance with R.C. 2969.25(A) is mandatory, and failure to comply will warrant dismissal." *Robinson v. Fender*, Slip Opinion No. 2020-Ohio-458, quoting *State v. Henton*, 146 Ohio St.3d 9, 2016-Ohio-1518, ¶ 3. The "statute requires strict compliance." *Id.* Where the affidavit of prior actions does not provide all of the information required by R.C. 2969.25, the statute requires dismissal. *State ex rel. Ware v. Walsh*,

Slip Opinion No. 2020-Ohio-769, ¶ 4 (dismissal required where the affidavit of prior actions did "not provide any information describing the outcome of the actions as required by R.C. 2969.25(A)(4).").

{¶7} Because Mr. Tayse did not comply with the mandatory requirements of R.C. 2969.25, the case is dismissed. Costs taxed to Mr. Tayse. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. Civ.R. 58.

---

LYNNE S. CALLAHAN
FOR THE COURT

CARR, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

JAMES TAYSE, Pro se, Petitioner.

SHERRI BEVAN WALSH, Prosecuting Attorney, and COLLEEN SIMS, Assistant Prosecuting Attorney, for Respondent.