[Cite as *State ex rel. Stokes v. Combs*, 2025-Ohio-2132.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Patrick O. Stokes, | : | |
| Relator, | : | No. 25AP-129 |
| v. | : | (REGULAR CALENDAR) |
| A. Combs, Bureau of Sentence Computation, | : | |
| Respondent. | : | |

---

D E C I S I O N

Rendered on June 17, 2025

---

**On brief:** *Patrick O. Stokes*, pro se.

**On brief:** *Dave Yost*, Attorney General, and *George Horvath*, for respondent.

---

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION
AND ON RESPONDENT'S MOTION TO DISMISS

LELAND, J.

{¶ 1} Relator, Patrick O. Stokes, an inmate at the North Central Correctional Complex, has filed an original action seeking a writ of mandamus ordering respondent, A. Combs, Bureau of Sentence Computation, to produce public records requested by relator. Respondent has filed a motion to dismiss, asserting relator did not comply with the inmate filing requirements of R.C. 2969.25.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law, which is appended hereto. The magistrate recommends this court grant respondent's motion to dismiss on the grounds relator failed to comply with

R.C. 2969.25(A)(2), requiring an inmate's affidavit of prior actions to include the case number in which the appeal was brought.

{¶ 3}  Relator has filed objections to the magistrate's decision, asserting the magistrate "committed plain error" by failing to address and construe "the ambiguous and/or the vagueness doctrine implications presented in this case" as to the "intent" of the legislature with respect to "what is explicitly and definitely required for strict-compliance" of R.C. 2969.25. (Mar. 25, 2025 Objs. to Mag.'s Decision at 3.)  Relator challenges respondent's contention that he failed to satisfy the requirements of R.C. 2969.25 "because he did not include the case number of both the civil actions 'and' appeals."  (Emphasis omitted.)  (Objs. to Mag.'s Decision at 5.)

{¶ 4}  Relator's argument derives from the language of R.C. 2969.25(A)(2), which requires an inmate to file an affidavit containing a description of each civil action or appeal of a civil action the inmate has filed in the previous five years, and which further requires an inmate to include "[t]he case name, case number, and the court in which the civil action or appeal was brought."  Relator contends the statute's use of the word "or" presents an ambiguity.  Specifically, relator argues that, construing the word "or" according to common usage, he was permitted to "choos[e] between the two alternatives," i.e., relator maintains he could choose "to include the case numbers of the civil actions," and "not the appeals." (Objs. to Mag.'s Decision at 5.)  We disagree.

{¶ 5}  In general, "[c]ourts have recognized that the word 'or' can be used in either an inclusive, meaning 'A or B, or both', or an exclusive sense, meaning 'A or B, but not both', depending on the statutory context."  *Hernandez v. Kijakazi*, 2022 U.S. Dist. LEXIS 227615, *37 (D.N.J. Dec. 19, 2022), citing *Varga v. Colvin*, 794 F.3d 809, 815 (7th Cir. 2015).  Moreover, "while the meaning of 'or' will always depend on the context of its use, and 'both senses of "or" are commonly used,' 'the inclusive use of "or" is the more common.' " *Allstate Ins. Co. v. Plambeck*, 66 F.Supp.3d 782, 788 (N.D.Tex. 2014), quoting *B-50.com., L.L.C. v. InfoSync Servs., L.L.C.,* 2014 U.S. Dist. LEXIS 9403, *21 (N.D.Tex. Jan. 27, 2014).

{¶ 6}  Here, in context, we have no difficulty in construing the word "or," as used in the subject language of R.C. 2969.25(A)(2), in its more common, inclusive sense.  Further, while we find unpersuasive relator's arguments regarding ambiguity and questions of

legislative intent, we note that his interpretation would run contrary to the purposes of the statute. As observed by one Ohio court, "[t]he filing requirements of R.C. 2969.25(A) were formulated to restrict abusive litigation by inmates which would impair judicial efficiency," and therefore the "purpose of the filing requirements of R.C. 2969.25(A) is to protect our judicial system from frivolous law suits commenced by inmates." *Snitzky v. Wilson*, 2004-Ohio-7229, ¶ 31 (11th Dist.), citing *Bell v. Beightler*, 2003-Ohio-88, ¶ 37 (10th Dist.). As also recognized by this court, one of the reasons for the filing requirement of R.C. 2969.25(A) "is to enable the court to determine whether the current filing is malicious" or frivolous. *State ex rel. Sevilla v. State*, 2015-Ohio-737, ¶ 5 (10th Dist.), citing R.C. 2969.25(B).

**{¶ 7}** Accordingly, we find no merit to relator's assertion the magistrate erred in failing to properly construe R.C. 2969.25(A)(2). As noted by the magistrate, "R.C. 2969.25 requires strict compliance," and the failure to satisfy the statutory requirements is grounds for dismissal. (Appended Mag.'s Decision at ¶ 19, citing *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 2019-Ohio-1271, ¶ 6.) By relator's own admission, he failed to strictly comply with those provisions by "choosing" to include only "the case numbers of the civil actions, not the appeals." (Objs. to Mag.'s Decision at 5.) Because relator's affidavit was incomplete, the magistrate properly found the petition for writ of mandamus was subject to dismissal.

**{¶ 8}** Upon review of the magistrate's decision, and an independent review of the record, we conclude the magistrate properly applied the law to the facts. We therefore overrule relator's objections and adopt the magistrate's decision as our own. In accordance with the magistrate's recommendation, respondent's motion to dismiss is granted. Further, respondent's February 11, 2025 motion to stay discovery, relator's February 25, 2025 motion for findings of fact and conclusions of law, and relator's May 20, 2025 motion to show cause are denied as moot.

*Objections overruled*;
*motion to dismiss granted*;
*action dismissed.*

JAMISON, P.J., and, EDELSTEIN, J., concur.

———————

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Patrick O. Stokes, | : | |
| Relator, | : | |
| v. | : | No. 25AP-129 |
| A. Combs, Bureau of Sentence Computation, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on March 13, 2025

*Patrick O. Stokes*, pro se.

*Dave Yost*, Attorney General, and *George Horvath,* for respondent.

IN MANDAMUS
ON RESPONDENT'S MOTION TO DISMISS

{¶ 9}  Relator, Patrick O. Stokes, has commenced this original action seeking a writ of mandamus ordering respondent, A. Combs, Bureau of Sentence Computation ("BSC"), to produce the public records he requested. Respondent has filed a motion to dismiss based upon relator's noncompliance with R.C. 2969.25.

Findings of Fact:

{¶ 10}  1. Relator is an inmate incarcerated at North Central Correctional Complex in Marion, Ohio.

{¶ 11} 2. Respondent is allegedly employed by the BSC.

{¶ 12} 3. In his petition, relator alleges that he requested certain public records from respondent, who failed to produce such public records.

{¶ 13} 4. On January 14, 2025, relator filed the instant mandamus action asking this court to order respondent to produce the requested public records.

{¶ 14} 5. Relator included with his petition for writ of mandamus a notarized affidavit of civil actions for the previous five years, as required by R.C. 2969.25. In that affidavit, relator averred as follows: (1) on May 23, 2019, relator filed a declaratory judgment action in the Cuyahoga County Court of Common Pleas against the Ohio Department of Rehabilitation and Corrections, the BSC, and the Ohio Adult Parole Authority, for a declaration of his rights and respondents' duties in relation to Ohio statutes, constitutional provisions, and rules in *Patrick O. Stokes v. Ohio Dept. of Rehab. and Corr.*, et al., case No. CV 19 915804; the case was dismissed on February 7, 2020, for failure to state a claim upon which relief can be granted; on March 4, 2020, relator appealed the decision to the Eighth District Court of Appeals, which affirmed the lower court's judgment on February 4, 2021; relator appealed the decision of the court of appeals on March 17, 2021; and the Supreme Court of Ohio declined to accept jurisdiction on June 22, 2021; and (2) on September 27, 2021, relator filed a writ of mandamus in the Tenth District Court of Appeals in case No. 21AP-482, seeking to compel the Ohio Department of Rehabilitation and Corrections to calculate his sentence correctly; the case was dismissed on February 16, 2023, for failure to state a claim; relator appealed the dismissal to the Supreme Court of Ohio on March 23, 2023; and on November 29, 2023, the Supreme Court of Ohio affirmed the decision of the court of appeals.

{¶ 15} 6. On February 11, 2025, respondent filed a motion to dismiss pursuant to Civ.R. 12(B)(1) and (6), asserting that relator failed to comply with the requirements of R.C. 2969.25. On the same date, respondent also filed a motion to stay discovery pending the outcome of the motion to dismiss.

{¶ 16} 7. On February 25, 2025, relator filed a motion for findings of fact and conclusions of law and a response to respondent's motion to dismiss.

Conclusions of Law:

{¶ 17} The magistrate recommends that this court grant respondent's motion to dismiss this action because relator has failed to comply with the requirements of R.C. 2969.25.

{¶ 18} R.C. 2969.25 provides:

> (A) At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. The affidavit shall include all of the following for each of those civil actions or appeals:
>
> (1) A brief description of the nature of the civil action or appeal;
>
> (2) The case name, case number, and the court in which the civil action or appeal was brought;
>
> (3) The name of each party to the civil action or appeal;
>
> (4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.

R.C. 2969.25(A)(1) through (4).

{¶ 19} R.C. 2969.25 requires strict compliance. *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 2019-Ohio-1271, ¶ 6. Compliance with the provisions of R.C. 2969.25 is mandatory and the failure to satisfy the statutory requirements is grounds for dismissal of the action. *State ex rel. Washington v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 258 (1999); *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421 (1998). Nothing in R.C. 2969.25 permits substantial compliance. *State ex rel. Manns v. Henson*, 2008-Ohio-4478, ¶ 4, citing *Martin v. Ghee*, 2002-Ohio-1621 (10th Dist.). Furthermore, the failure

to comply with R.C. 2969.25 cannot be cured at a later date by belatedly attempting to file a compliant affidavit. *State ex rel. Young v. Clipper*, 2015-Ohio-1351, ¶ 9.

{¶ 20} Civ.R. 12(B)(1) provides a party may seek to dismiss a cause of action based on lack of jurisdiction over the subject matter of the litigation. When reviewing a judgment on a motion to dismiss under Civ.R. 12(B)(1), a court must determine whether the complaint alleges any cause of action cognizable to the forum. *T & M Machines, LLC v. Yost*, 2020-Ohio-551, ¶ 9 (10th Dist.). "[S]ubject-matter jurisdiction involves 'a court's power to hear and decide a case on the merits and does not relate to the rights of the parties.' " *Lowery v. Ohio Dept. of Rehab. & Corr.*, 2015-Ohio-869, ¶ 6 (10th Dist.), quoting *Vedder v. Warrensville Hts.*, 2002-Ohio-5567, ¶ 14 (8th Dist.).

{¶ 21} A court may dismiss a complaint pursuant to Civ.R. 12(B)(6) if, after all factual allegations in the complaint are presumed true and all reasonable inferences are made in relator's favor, it appears beyond doubt that relator could prove no set of facts entitling him or her to the requested extraordinary writ. *State ex rel. Turner v. Houk*, 2007-Ohio-814, ¶ 5. "Although factual allegations in the complaint are taken as true, 'unsupported conclusions of a complaint are not considered admitted * * * and are not sufficient to withstand a motion to dismiss.' " *Justice v. Jefferson-Pilot Life Ins.*, 1998 Ohio App. LEXIS 6250, (10th Dist. Dec. 24, 1998), quoting *State ex rel. Hickman v. Capots*, 45 Ohio St.3d 324 (1989).

{¶ 22} In the present case, respondent argues that relator failed to file an affidavit complying with the requirements included in R.C. 2969.25(A) by failing to provide case numbers for the appeals from the two cases cited in his affidavit. The magistrate agrees. R.C. 2969.25(A)(2) requires the affidavit to include the case number in which the appeal was brought. Failure to do so violates R.C. 2969.25(A)(2) and necessitates dismissal of the action. *See, e.g., State ex rel. Wright v. [Ohio] Adult Parole Auth.*, 2024-Ohio-927, ¶ 14-15 (10th Dist.) (finding that because relator does not list the case number of his appeal as required by R.C. 2969.25(A)(2), his complaint must be dismissed); *State ex rel. Parker v. Ohio Adult Parole Auth.*, 2023-Ohio-2558, ¶ 32 (10th Dist.) (finding that relator's failure to meet the requirement of R.C. 2969.25(A)(2) to provide case numbers for the appeals listed in his affidavit is grounds for dismissal) citing *State ex rel. Robinson v. Ohio Adult Parole Auth.*, 2018-Ohio-2101, ¶ 18 (10th Dist.) (dismissing

action pursuant to R.C. 2969.25(A) because relator failed to provide the case number of the habeas corpus appeal to the Supreme Court of Ohio), and *State ex rel. Tayse v. Ross*, 2020-Ohio-3014, ¶ 3 (9th Dist.); *State ex rel. Guthrie v. Chambers-Smith*, 2022-Ohio-390, ¶ 18 (10th Dist.) (finding that dismissal was appropriate when relators did not furnish all the information required by R.C. 2969.25(A) when they omitted basic information about the cases, such as case numbers, among other things). Therefore, in the present case, the magistrate finds that relator's failure to cite the case numbers for the appeals listed in his affidavit, as required by R.C 2969.25(A), necessitates dismissal of his petition.

{¶ 23} Accordingly, it is the magistrate's decision that, based upon relator's failure to comply with the mandatory filing requirements of R.C. 2969.25, this court should grant respondent's motion to dismiss relator's petition for writ of mandamus. Respondent's February 11, 2025, motion to stay discovery and relator's February 25, 2025, motion for findings of fact and conclusions of law are denied as moot.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.