**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Harris v. Trelka,* Slip Opinion No. 2025-Ohio-4453.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2025-OHIO-4453

THE STATE EX REL. HARRIS, APPELLANT *v.* TRELKA, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Harris v. Trelka,* "Slip Opinion No." 2025-Ohio-4453.]**

*Mandamus—R.C. 2969.25(A)—Inmate failed to list in affidavit of prior civil actions all appeals filed in previous five years—If appeal of a civil action falls within the parameters of R.C. 2969.25(A), it must be included in affidavit regardless of whether underlying civil action must be disclosed—Court of appeals' judgment dismissing complaint affirmed.*

(No. 2024-1771—Submitted May 13, 2025—Decided September 30, 2025.)

APPEAL from the Court of Appeals for Scioto County, No. 24CA4083.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ.

**Per Curiam.**

{¶ 1} Appellant, Lionel Harris, appeals the judgment of the Fourth District Court of Appeals dismissing his complaint for a writ of mandamus against appellee, Brandi Trelka. The court of appeals determined that Harris's complaint was defective because it did not meet the filing requirements of R.C. 2969.25(A). We affirm.

## BACKGROUND

{¶ 2} Harris is confined at the North Central Correctional Complex. He alleges that in April 2024, he sent a public-records request to the Southern Ohio Correctional Facility's commissary supervisor. He received a response from Trelka, who is employed at the Southern Ohio Correctional Facility as a "public records officer/warden's administrative assistant." Harris was dissatisfied with Trelka's responses regarding five categories of requested records, and in July 2024, he filed in the court of appeals a complaint for a writ of mandamus ordering Trelka to make the five categories of records available for inspection and copying.

{¶ 3} Trelka moved to dismiss and the court of appeals granted the motion, concluding that Harris had failed to comply with R.C. 2969.25(A) by not attaching to his complaint an affidavit that contained a complete list of the civil actions and appeals that he had filed in the previous five years. Harris then brought this appeal.

## ANALYSIS

{¶ 4} We review de novo a court of appeals' judgment dismissing a complaint in an extraordinary-writ action. *State ex rel. Justice v. State*, 2023-Ohio-760, ¶ 9. Here, we must decide whether the court of appeals correctly dismissed Harris's complaint for failure to comply with R.C. 2969.25(A).

{¶ 5} The statute provides that "[a]t the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or

federal court." R.C. 2969.25(A). The court of appeals determined that Harris did not comply with the statute, because he failed to disclose that in December 2022, he filed a civil appeal in the United States Court of Appeals for the Sixth Circuit. *See Harris v. Sowers*, 2024 WL 3051285 (6th Cir. Feb. 6, 2024).

{¶ 6} Harris does not dispute that he filed the appeal in *Harris v. Sowers*. Rather, he argues that because R.C. 2969.25(A) requires a "description of each civil action *or* appeal of a civil action" (emphasis added), he was permitted to choose between disclosing in his affidavit *either* the civil action that he initiated in *Harris v. Sowers* in the trial court *or* the ensuing appeal. In support of his argument, Harris invokes the precept that "the word 'or,' a disjunctive term, signifies the presence of alternatives," *In re Estate of Centorbi*, 2011-Ohio-2267, ¶ 18. There is no dispute that Harris initiated the civil action in *Harris v. Sowers* in the trial court more than five years ago and therefore had no duty to disclose it. But if the premise of his argument is accepted, he would be permitted to omit from his affidavit both the fact that he filed the civil action in the trial court *and* the fact that he appealed it.

{¶ 7} This court's caselaw forecloses Harris's argument that he was not required to disclose the appeal. Failure to strictly comply with R.C. 2969.25(A) warrants dismissal. *Robinson v. Fender*, 2020-Ohio-458, ¶ 6. To avoid dismissal, an inmate "must attach an affidavit listing all federal and state civil actions and appeals of civil actions he has filed in the previous five years." *Westerfield v. Bracy*, 2023-Ohio-499, ¶ 6.

{¶ 8} In *State ex rel. Neguse v. McIntosh*, 2020-Ohio-3533, we determined that an inmate had filed an affidavit that did not satisfy the requirements of R.C. 2969.25(A). The inmate not only failed to sufficiently describe the details of an original action in mandamus he had filed in the court of appeals, but he also omitted any reference to the fact that he had filed an interlocutory appeal of the dismissal of that action in this court. *Id.* at ¶ 12; *see also Robinson v. LaRose*, 2015-Ohio-4323, ¶ 35-37 (11th Dist.), *aff'd*, 2016-Ohio-7647 (inmate filed an incomplete

SUPREME COURT OF OHIO

affidavit under R.C. 2969.25(A) by, among other things, failing to include a petition for a writ of habeas corpus and an appeal of the trial court's dismissal of that petition).

{¶ 9} Adopting Harris's logic would mean that we could have decided *Neguse* solely based on the inmate's failure to disclose the filing of the civil action without reference to his failure to disclose the appeal. That we faulted the inmate in *Neguse* for failing to disclose the appeal demonstrates that if an inmate files an appeal of a civil action that falls within the parameters set forth in R.C. 2969.25(A), then he must include a description of it in his affidavit regardless of whether he disclosed the civil action. It follows here that Harris filed an incomplete affidavit under R.C. 2969.25(A) by failing to include a description of the appeal he filed in *Harris v. Sowers*. The court of appeals was therefore correct in dismissing Harris's mandamus action because the affidavit that he attached to his complaint failed to meet the statute's requirements.

**CONCLUSION**

{¶ 10} We affirm the judgment of the Fourth District Court of Appeals.

Judgment affirmed.

_____

Lionel Harris, pro se.

Dave Yost, Attorney General, and Adam Beckler and Matthew Convery, Assistant Attorneys General, for appellee.

_____