[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Stokes v. Combs*, Slip Opinion No. 2026-Ohio-1209.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2026-OHIO-1209

THE STATE EX REL. STOKES, APPELLANT, *v.* COMBS, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Stokes v. Combs*, Slip Opinion No. 2026-Ohio-1209.]

*Mandamus—R.C. 2969.25(A)(2)—To avoid dismissal for failure to comply with R.C. 2969.25(A)(2), an inmate must identify and describe all federal and state civil actions* and *appeals of civil actions that the inmate filed in the previous five years—Appellant's affidavit of prior civil actions did not provide the case numbers for three appeals that he stated were filed within the previous five years—State* ex rel. Harris v. Trelka *followed—Court of appeals' dismissal of action affirmed.*

(No. 2025-0973—Submitted January 6, 2026—Decided April 7, 2026.)

APPEAL from the Court of Appeals for Franklin County,

No. 25AP-129, 2025-Ohio-2132.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER,

DeWine, Brunner, Deters, Hawkins, and Shanahan, JJ.

**Per Curiam.**

{¶ 1} Appellant, Patrick O. Stokes, appeals from the Tenth District Court of Appeals' dismissal of his public-records mandamus action against appellee, A. Combs, an employee of the Ohio Department of Rehabilitation and Correction's Bureau of Sentence Computation. Stokes asked the Tenth District to order Combs to produce a copy of an electronic kite[1] along with the response to that kite, both of which Stokes previously requested under R.C. 149.43, Ohio's Public Records Act. Combs filed a motion to dismiss, and the Tenth District dismissed Stokes's complaint for noncompliance with R.C. 2969.25(A) (providing generally that when an inmate files a civil action or appeal against a government entity or employee, the inmate must file an affidavit listing previous civil actions and appeals brought by the inmate within the previous five years).

{¶ 2} For the following reasons, we affirm the Tenth District's judgment.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 3} Stokes is incarcerated at the North Central Correctional Complex. On November 22, 2024, Stokes submitted a public-records request by electronic kite to the Bureau of Sentence Computation, asking for a copy of a particular kite he had previously sent and the response to that kite. Combs, an employee of the bureau, responded to Stokes's request on November 25 by directing him to contact his institutional inspector to receive the copies. Stokes later attempted to obtain the requested kite and response from his institutional inspector but was unsuccessful.

{¶ 4} On January 14, 2025, Stokes filed a complaint in the Tenth District Court of Appeals, asking for a writ of mandamus ordering Combs to produce the kite and response that Stokes requested on November 22. Along with his

---

1. A kite is a communication between an inmate and a member of prison staff. *State ex rel. Martin v. Greene*, 2019-Ohio-1827, ¶ 3, fn. 1.

complaint, Stokes filed an affidavit of indigency and an affidavit under R.C. 2969.25. In the R.C. 2969.25 affidavit, Stokes identified two civil actions he had filed and three appeals he had filed in those two cases. Although he provided the case numbers for the two civil actions, he did not provide the case numbers for the ensuing appeals.

{¶ 5} The Tenth District appointed a magistrate to preside over the case. *See* Civ.R. 53. Combs filed a motion to dismiss, arguing that Stokes's affidavit did not comply with R.C. 2969.25(A) because he had failed to provide the case numbers for the appeals mentioned in the affidavit. Stokes filed a brief in opposition, arguing that under R.C. 2969.25(A), he was permitted to provide the case numbers for either his prior civil actions or his prior appeals.

{¶ 6} The magistrate recommended that the Tenth District dismiss Stokes's complaint for noncompliance with R.C. 2969.25(A), concluding that R.C. 2969.25(A)(2) required that Stokes provide the case numbers for both the prior civil actions and the prior appeals. Stokes filed objections to the magistrate's decision, challenging that conclusion as erroneous. *See* Civ.R. 53(D)(3)(b).

{¶ 7} The Tenth District overruled Stokes's objections, adopted the magistrate's decision, and granted Combs's motion to dismiss Stokes's complaint for noncompliance with R.C. 2969.25(A). 2025-Ohio-2132, ¶ 7-8 (10th Dist.). In its decision, the Tenth District concluded that the word "or" is used in an inclusive sense in R.C. 2969.25(A)(2) and that Stokes therefore was required to provide the case numbers for the prior appeals as well as the prior actions. *See id*. at ¶ 5-7.

{¶ 8} Stokes timely appealed as of right and filed a merit brief in which he asserts three propositions of law. Combs did not file a merit brief.

## II. ANALYSIS

### A. Standard of review

{¶ 9} We review de novo a court of appeals' judgment dismissing a complaint under Civ.R. 12(B)(6). *State ex rel. Robinson v. Page*, 2025-Ohio-623,

¶ 6. Dismissal of an action seeking a writ of mandamus under Civ.R. 12(B)(6) "is appropriate if we find that after presuming all factual allegations in the complaint as true and drawing all reasonable inferences in the relator's favor, it appears beyond doubt that the relator can prove no set of facts entitling him to relief." *State ex rel. Gordon v. Summit Cty. Court of Common Pleas*, 2025-Ohio-2927, ¶ 8. In reviewing the dismissal of a complaint, we may consider documents attached to or incorporated into the complaint. *Id.*

### B. R.C. 2969.25(A)'s affidavit requirements

{¶ 10} It is undisputed that Stokes, as an inmate, was required to file with his complaint an affidavit that described each civil action or appeal of a civil action that he had filed in the previous five years in any state or federal court. *See* R.C. 2969.25(A); *see also, e.g.*, *State ex rel. Roush v. Hickson*, 2023-Ohio-1696, ¶ 3. That affidavit had to include the following:

(1) A brief description of the nature of the civil action or appeal;

(2) The case name, case number, and the court in which the civil action or appeal was brought;

(3) The name of each party to the civil action or appeal; [and]

(4) The outcome of the civil action or appeal . . . .

R.C. 2969.25(A). It is well-established that R.C. 2969.25(A) requires strict compliance and that noncompliance will warrant dismissal of an inmate's action. *See, e.g.*, *Robinson v. Fender*, 2020-Ohio-458, ¶ 6; *State ex rel. Pointer v. Adult Parole Auth.*, 2022-Ohio-3261, ¶ 7.

### 1. Stokes's first proposition of law

{¶ 11} Stokes's first proposition of law turns on the meaning of the word "or" in R.C. 2969.25(A)(2). He argues that the use of the word "or" in the statute

means that he was not required to provide in his affidavit the case numbers of both the civil actions and the appeals he had filed within the previous five years. We disagree.

{¶ 12} We have recognized that R.C. 2969.25(A) requires that "[a]n inmate who files an extraordinary-writ action against a government entity in the court of appeals must attach an affidavit listing all federal and state civil actions *and* appeals of civil actions he has filed in the previous five years." (Emphasis added.) *Pointer* at ¶ 7. Indeed, we rejected the type of argument that Stokes raises here in *State ex rel. Harris v. Trelka*, 2025-Ohio-4453.

{¶ 13} In *Harris*, an inmate argued that the Fourth District Court of Appeals had erred in dismissing his complaint for a writ of mandamus for noncompliance with R.C. 2969.25(A) because, according to him, the use of the word "or" in the statute allowed him to satisfy the requirement by disclosing the details of either his prior civil action or the ensuing appeals. *Id*. at ¶ 6. We rejected the argument, concluding that "[t]o avoid dismissal, an inmate 'must attach an affidavit listing all federal and state civil actions and appeals of civil actions he has filed in the previous five years.'" *Id*. at ¶ 7, quoting *Westerfield v. Bracy*, 2023-Ohio-499, ¶ 6. Accordingly, "if an inmate files an appeal of a civil action that falls within the parameters set forth in R.C. 2969.25(A), then he must include a description of it in his affidavit regardless of whether he disclosed the civil action." *Harris* at ¶ 9.

{¶ 14} Here, Stokes acknowledges that he did not provide the case numbers for the prior appeals he mentioned in his affidavit. The affidavit contains two paragraphs. In the first paragraph, Stokes identified a declaratory-judgment action that he had filed against the Ohio Department of Rehabilitation and Correction in the Cuyahoga County Court of Common Pleas and provided its case number. *See Stokes v. Dept. of Rehab. & Corr.*, Cuyahoga C.P. No. CV-19-915804, 2020 Ohio Misc. LEXIS 5330 (Feb. 7, 2020). Stokes also averred in the first paragraph that he filed a direct appeal from the dismissal of that action to the Eighth District Court

of Appeals, that the Eighth District affirmed the dismissal in February 2021, that he subsequently filed a jurisdictional appeal in this court, and that we declined his appeal in June 2021.  In the second paragraph of his affidavit, Stokes identified a mandamus action that he had filed against the department in the Tenth District and provided its case number.  *See State ex rel. Stokes v. Dept. of Rehab. & Corr*., 2023-Ohio-468 (10th Dist.).  Stokes also averred in the second paragraph that he appealed the dismissal of that action to this court and that we affirmed the dismissal in November 2023, *see* 2023-Ohio-4201.  The case numbers for these three appeals are not provided in the affidavit.

{¶ 15} Under R.C. 2969.25(A)(2), an inmate's affidavit shall include "[t]he case name, case number, and the court in which the civil action or appeal was brought."  Stokes averred in his affidavit that he filed the three appeals within the prior five years, which means that R.C. 2969.25(A) required that he include them in the affidavit.  *See Harris*, 2025-Ohio-4453, at ¶ 9.  "The affidavit requirements of R.C. 2969.25(A) are satisfied by strict compliance, not by mere substantial compliance."  *State ex rel. Mason v. Supervisor of Edn., Warren Corr. Inst*., 2025-Ohio-4803, ¶ 10.  Because Stokes's affidavit does not provide the case numbers for three appeals that he stated were filed within the prior five years, his affidavit does not strictly comply with the statute.  Therefore, we reject Stokes's first proposition of law.

### 2. *Stokes's second and third propositions of law*

{¶ 16} We address Stokes's second and third propositions of law together because both concern his interpretation of the Tenth District's decision.  In support of his second proposition of law, Stokes argues that the Tenth District's decision violates his right to due process and "should be void for vagueness because the decision never clearly articulates what precisely constitutes compliance, and fails to provide fair warning and preclude arbitrary enforcement" of R.C. 2969.25(A).  In support of his third proposition of law, Stokes argues that the Tenth District's

decision actually supports his view that the use of the word "or" in R.C. 2969.25(A)(2) allowed him to provide the case numbers for either his prior civil actions or the ensuing appeals. Because the Tenth District dismissed his mandamus action despite allegedly agreeing with him, Stokes contends, its decision is vague and does not mandate strict compliance with R.C. 2969.25(A). These arguments are not persuasive.

{¶ 17} In its decision, the Tenth District acknowledged that the word "or" may be used in an exclusive sense in certain contexts, but it concluded that in the context of R.C. 2969.25(A)(2), the word "or" is used in its inclusive sense— meaning that Stokes had to provide the case numbers for both the civil actions he filed within the previous five years and the ensuing appeals. *See* 2025-Ohio-2132 at ¶ 5-6 (10th Dist.). Stokes misunderstands the Tenth District's acknowledgement that the word "or" may be used in an exclusive sense when used in a different context as agreement with his argument that he could provide the case numbers for either his past civil actions or the ensuing appeals. Stokes is mistaken.

{¶ 18} The Tenth District's decision sufficiently explained that R.C. 2969.25(A)(2) requires that an inmate provide the case numbers for both the civil actions and the appeals that the inmate filed within the previous five years. And as explained above, an inmate must identify and describe all federal and state civil actions and appeals of civil actions that the inmate has filed in the previous five years to avoid dismissal. *See Harris*, 2025-Ohio-4453, at ¶ 7. Accordingly, we reject Stokes's second and third propositions of law.

### III. CONCLUSION

{¶ 19} Because Stokes did not provide the case numbers for his prior appeals that he mentioned in his affidavit, he did not strictly comply with the requirements of R.C. 2969.25(A)(2). Therefore, we affirm the Tenth District Court of Appeals' judgment granting Combs's motion to dismiss Stokes's complaint for a writ of mandamus.

Judgment affirmed.

_____

Patrick O. Stokes, pro se.

_____